226 So.2d 399 (1969)
Florentino FALCON, Appellant,
v.
STATE of Florida, Appellee.
No. 38034.
Supreme Court of Florida.
July 9, 1969.
Rehearing Denied October 6, 1969.
*400 Mark Hawes, Tampa, for appellant.
Earl Faircloth, Atty. Gen., and William D. Roth, Asst. Atty. Gen., for appellee.
BOYD, Justice.
This cause is before us on appeal from the Criminal Court of Record of Hillsborough County. Appellant, defendant below, was found guilty by a jury of possession of narcotics and sentenced to five years' imprisonment. Appeal was taken to the District Court of Appeal, Second District. That Court, after hearing argument, determined that this Court has exclusive jurisdiction and transferred the cause here.
The trial court charged the jury in the language of Florida Statutes, §§ 398.03 and 398.20, F.S.A. as follows:
"Now, gentlemen, this prosecution is brought under Section 398.03 of the Florida Statutes which reads as follows: `It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this chapter.'
"And also in this chapter under Section 398.20, a section which reads as follows: `In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this chapter, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this chapter and the burden of proof of any such exemption, excuse, proviso, or exception shall be upon the defendant.'"
The record reveals that after the jury retired for deliberation, appellant's counsel objected to the charge on the grounds that Florida Statutes § 398.20, F.S.A. is unconstitutional:
"* * * in that it throws the burden of proof on this defendant, in violation of the Constitution, and the reading of the statute amounts to a comment from the Court calling the attention of the Jury to the fact that the defendant failed to testify in his own behalf."
The objection was overruled.
*401 We have jurisdiction of this appeal under Article V, Section 4, of the Florida Constitution, F.S.A., since the trial court in overruling the objection passed directly on the validity of a state statute.
Florida Statutes § 398.03, F.S.A., makes it unlawful to possess any narcotic drug except as authorized by Chapter 398. Some of the exceptions specified in Chapter 398 are licensed manufacturer, wholesaler, apothecary, physician, dentist, veterinarian, person in charge of hospital or medical laboratory, master of ship, or person in charge of an aircraft, government agent in the course of his duties. The State cannot be required to prove the nonexistence of each exception. These matters are properly part of the appellant's case. He has the prerogative of establishing his exempt status under Chapter 398 in defense of prosecution under that Act.
We hold therefore, that Florida Statute § 398.20, F.S.A., is valid and the trial court did not err in overruling appellant's objection to the charge.
Appellant contends that the trial court erred in overruling his motion to suppress evidence, specifically a narcotic drug, syringe and needle, taken from him without a warrant. In support of this contention, appellant cites the decision of the District Court of Appeal, Second District, in Carter v. State.[1] The Carter case held that the arrest of defendant without a warrant and a subsequent search of his truck disclosing bolita, was invalid because the arrest was not based on probable cause. After determining the arresting officers had only the "barest suspicion that defendant was transporting lottery paraphernalia in his truck" the District Court in Carter stated:
"We therefore hold that where an arrest or search is made by an officer without a warrant, the State must be prepared to show, not only the factual existence at such time of probable cause, but also that the officer or officers had no reasonable opportunity to previously apply for and be issued an arrest or search warrant; otherwise the evidence as to the fruits of the search goes out."
Since there was not "probable cause" for an arrest without a warrant in Carter, any warrant that might have been issued would likewise have been invalid.
To the extent that Carter purports to impose requirements other than those set out in Chapter 901, Florida Statutes, F.S.A., for a valid arrest without a warrant, it is erroneous. A similar contention has been rejected by the Federal Courts.[2]
In the instant case there is no question that the arresting officers had probable cause to make a valid arrest. On November 29, 1967, two deputies received information that appellant was selling narcotics in and around the Cuban Club in Tampa. Thereafter, appellant was observed on three occasions. On December 8 and 9, 1967, he was observed going up to cars, taking money from the occupants of the cars and passing something to them in return. The occupants of some of the cars were recognized as known narcotics users. On December 9, shortly after noon, he was placed under arrest for narcotic law violation. A vial containing narcotics, a syringe and needle, were properly admitted into evidence, since they were obtained by a search incident to a valid arrest.
Appellant also contends that the trial court erred in refusing to grant a mistrial because of what he considers prejudicial statements made by the Assistant State Attorney concerning a defense witness. The trial court instructed the jury to disregard the statements and appellant has failed to show harmful error.
*402 Accordingly, the judgment below is affirmed.
It is so ordered.
ERVIN, C.J., ROBERTS, DREW and CARLTON, JJ., and MASON, Circuit Judge, concur.
ADKINS, J., dissents.
NOTES
[1] 199 So.2d 324 (Fla.App.2d 1967), cert. denied 209 So.2d 672 (Fla. 1968).
[2] United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Odom v. United States, 403 F.2d 45 (C.C.A. 5th 1968).