MANN, Judge.
At least six Tampa police officers waited outside Perez’ home one night until the lights went out and then, nearly midnight, went to his door, knocked on it and placed him under arrest for receiving stolen property. The question we must determine is whether an officer who has known for two or three days of the circumstances on which he intends to arrest a citizen, but who fails to get an arrest or search warrant, was lawfully in that citizen’s home when he saw the lottery tickets which grounded, this second charge. If the entry into the home was unlawful, under the doctrine of Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, the tainted evidence should have been suppressed.
Our Supreme Court intimated in Falcon v. State, Fla.1969, 226 So.2d 399, that the statutory requirements[1] are all *35 that govern the propriety of an arrest. But the Court did not have before it a case like this one, and if the arrest in this case constituted, as we hold it did, an unreasonable seizure of Perez’ person, the Constitutional command clearly takes precedence-over the statute. The precise question has never been settled by the Supreme Court of the United States. In Vale v. Louisiana, 1970, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409, Mr. Chief Justice Burger, dissenting, said, “I agree that the opportunity to obtain a warrant is one of the factors to be weighed in determining reasonableness.” Id. at 40, 90 S.Ct. at 1975. We think a seizure of the person is no less subject to the reasonableness test of the Fourth Amendment[2] than the seizure of a thing. Some early English cases[3] suggest that where the King is a party an officer may enter a dwelling to serve process. We think a rule that would authorize an officer who has had probable cause to arrest for two days to wait until a citizen has retired and then enter his dwelling late at night is inappropriate in a society which has chosen to be governed by a Constitution rather than a King.
We delayed decision in this .case because the central question was argued to the Supreme Court of the United States in Johnson v. Louisiana, 1972, 406 U.S. 356, 92 S. Ct. 1620, 32 L.Ed.2d 152. In the end, Johnson was resolved without reaching the question because Johnson’s conviction did not rest on evidence found while the officers were in the defendant’s home effecting his arrest. Perez’ conviction rests on nothing else.
The Fourth Amendment to the Constitution of the United States affords citizens protection in their “persons” and “houses” against unreasonable search and seizure. We think Perez’ arrest is the most unreasonable seizure of a citizen’s person which has come to our attention. .For the purpose of deciding the case, we credit the trial court’s finding of probable cause, but note that Perez was acquitted of the charge of receiving and concealing a stolen television set. Our decision rests upon the admitted fact that the officers had ample time to obtain a warrant. There was no showing that Perez was intending to leave. There is, in fact, evidence that the officer tried to get a warrant and was refused by the prosecutor. Certainly a number of magistrates and judges were available over at least two days for the issuance of warrants. Then there is the question of entry into a private dwelling at nighttime, a circumstance which from the earliest years of our common law was thought to be significant. It is hardly less frightening to be awakened by a policeman than a burglar.
*36 As recently as Coolidge v. New Hampshire, 1971, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, the Supreme Court has reemphasized the necessity for presenting evidence of probable cause to a detached magistrate whenever practicable.
We need not clutter the reports with all of the literature on the subject. A reading of Coolidge will lead the serious scholar to all that needs to be said. Surely there are cases in which there is reason to enter a dwelling during the nighttime to make an arrest. Dorman v. United States, 1970, 140 U.S.App.D.C. 313, 435 F.2d 385, is such a case. An armed robber who, in fleeing the premises on which the robbery occurred, left behind documents identifying him. His picture was shown to victims, who identified the robber as the man described in the documents, and an application for a warrant was begun, but no magistrate was available. Dorman was armed, dangerous, and had every reason to flee. His arrest at home was upheld. We can appreciate that. But Perez’ case is different. His very acquittal of the felony charge on which the officers entered his home suggests why a neutral and detached magistrate should, in the absence of exigent circumstances, authorize the invasion of an American citizen’s home. We simply cannot accept the blanket assertion that probable cause to arrest a person for felony justifies intrusion into his home during the nighttime two or three days after the probable cause arose, at least one day after a warrant was sought unsuccessfully, and in the absence of any single fact showing need for action before the facts could be submitted to a magistrate. If the Fourth Amendment means anything, it must protect citizens against the sort of intrusion shown here. Should our Supreme Court review this case, we would hope that their expression in Falcon would be limited to exclude arrests in dwelling houses in the nighttime.
The order of the Circuit Court affirming the judgment of the Criminal Court of Record is quashed and the cause remanded with directions to discharge petitioner.
PIERCE, C. J., and HOBSON, J., concur.

. Ma.Stat. § 901.15, F.S.A.
A peace officer may without warrant arrest a person:
(1) When the person to be arrested has committed a felony or misdemeanor in his presence. In the case of such arrest for a misdemeanor, the arrest shall be made immediately or on fresh pursuit.
(2) When a felony has in fact been committed, and he has reasonable ground *35 to believe that the person to be arrested has committed it.
(3) When he has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it.
(4) When a warrant has been issued charging any criminal offense and has been placed in the hands of any peace officer for execution.

. U.S.Const. Amend. IY.
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
Fla.Const. art. I, § 12, F.S.A.
The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence.

. See Annot., 5 A.L.R. 263, where the cases are collected.