PER CURIAM.
Appellant pleaded nolo contendere to aiding or assisting in conducting a lottery, reserving his right to appeal the denial of his motion to suppress. We affirm.
Appellant contends the court erred in denying his motion to suppress tangible evidence as his arrest was illegal in that it was not based on probable cause. The facts show that appellant had been under surveillance and officers had observed appellant exchange packages containing lottery pads. These exchanges were made with a person known to be connected with the lottery organization. However, immediately prior to the arrest the appellant was not seen exchanging any packages but was observed stopping his car at various rendezvous locations. Based on the investigations by officers who were experts in the area of lotteries and their organization, the visual observation of appellant receiving lottery pads from a known lottery violator, and the fact that on the evening of his arrest he was seen stopping his car at previously observed rendezvous locations we *496 hold there was probable cause for his arrest. Falcon v. State, 226 So.2d 399 (Fla.1969).
Accordingly, appellant s conviction is
Affirmed.
WALDEN, C. J., and OWEN and DOWNEY, JJ., concur.