559 So.2d 687 (1990)
Almertis STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-499.
District Court of Appeal of Florida, First District.
April 5, 1990.
Rehearing Denied May 15, 1990.
*689 Michael E. Allen, Public Defender, Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant seeks reversal of his judgment of conviction and sentence for armed robbery (two counts), aggravated assault and assault. We affirm in part, reverse in part, and remand.
The appellant argues that the trial court erred in accepting the prosecutor's reasons for exercising its peremptory challenges to exclude three black men from the jury panel. Appellant made a timely objection to the prosecution's use of its peremptory challenges, and the trial court conducted an inquiry pursuant to State v. Neil, 457 So.2d 481 (Fla. 1984). The prosecution stated that two of the challenged jurors were excused because of prior criminal activity. More specifically, the prosecution excused Juror 169 because he had "a record," although the prosecution did not know what it was. Juror 198 was excused because he had a 1973 arrest for armed robbery, although the prosecution was not certain that a conviction was ever obtained for that offense.
In State v. Neil, supra, the Supreme Court held that peremptory challenges are presumed to have been exercised in a nondiscriminatory manner, but upon a timely demonstration that a party has used its peremptory challenges against a distinct racial group and that there is a strong likelihood that the challenged veniremen were excused solely because of their race, the trial court is to evaluate the presumption that the peremptory challenges were not racially motivated. 457 So.2d at 486. If a trial court believes that there is a "likelihood" that peremptory challenges were improperly used, then the burden shifts to the party exercising its peremptories to demonstrate that the challenged veniremen were excused for a reason besides race. Id. at 486-487. Such a reason need not be equivalent to a challenge for cause. For example, "[i]f the party [exercising its peremptory challenges] shows that the challenges were based on the particular case on trial, the parties or witnesses, or characteristics of the challenged persons other than race, then the inquiry should end and jury selection should continue." Id. at 487. "Within the limitations imposed by State v. Neil, the trial judge necessarily is vested with broad discretion in determining whether peremptory challenges are racially intended." Reed v. State, 15 FLW S115, S116 (Fla. March 1, 1990).
In State v. Slappy, 522 So.2d 18, 21 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), the Supreme Court resisted the "temptation to craft a bright line test" for determining what constitutes a "likelihood" under Neil that a peremptory challenge has been exercised in a discriminatory manner. Once a trial court has concluded that there is a likelihood of improper use, there must be a rebuttal consisting of a "`clear and reasonably specific' racially neutral explanation of *690 `legitimate reasons' for the state's use of its peremptory challenges. Id. at 22, quoting, Batson v. Kentucky, 476 U.S. 79, 96-98 & n. 20, 106 S.Ct. 1712, 1722-24 & n. 20, 90 L.Ed.2d 69 (1986).[1] The trial court is to evaluate the credibility of the party offering the explanation as well as the credibility of the asserted reasons, and such an evaluation should be made "in light of the circumstances of the case and the total course of the voir dire in question, as reflected in the record." Id. In order to demonstrate "clear," "reasonably specific" and "legitimate" reasons, the proffered reasons must be neutral, reasonable, and not pretextual. Id.
The Supreme Court listed in Slappy five factors which, if present, would "tend" to show that the reason given for challenging a juror was not actually supported by the record or was pretextual: (1) an alleged group bias not shown to be shared by the juror in question; (2) failure to examine a juror or conducting only a perfunctory examination, assuming the juror had not already been questioned by the trial court or opposing counsel; (3) singling the juror out for special questioning; (4) the prosecutor's reason is unrelated to the facts of the case, and (5) the challenge is based on reasons equally applicable to a juror who was not challenged. Id.
In Tillman v. State, 522 So.2d 14 (Fla. 1988), the Supreme Court observed that in some instances the trial court may accept a prosecutor's assertion of fact without further record support. The Supreme Court gave as an example the situation where a prosecutor represents to the trial court that a prospective juror has been convicted of a crime; the Supreme Court noted that such a reason may be accepted without requiring a copy of the judgment of conviction. Id. at 17, n. 1.
In the case before us, the trial court implicitly held that the appellant had demonstrated a likelihood of improper use of peremptories by the prosecution for the trial court called upon the prosecutor to state his reasons for challenging three black men. As noted, the trial court allowed Juror 169 to be excused because he had a criminal record, and Juror 198 was excused because he had a 1973 arrest for armed robbery. Therefore, the question before us is whether the record reflects that the trial court abused its discretion in finding the prosecution's reasons for a peremptory challenge to be sufficient.
We are not persuaded that the trial court erred when it allowed Juror 169 to be excused despite the lack of record support for the prosecution's assertion that this prospective juror had a record. Further, while the prosecutor in the instant case did not state on the record whether the arrest of Juror 198 resulted in conviction, we do not believe the trial court erred in finding this explanation reasonable in this case given the fact that the prior arrest was for armed robbery, which is the primary offense with which appellant was charged. Both reasons are quite analogous to the example given in Tillman, and the prosecution's conduct does not suggest that any of the Slappy factors are applicable.
As for the third venireman excused, Juror 178, the prosecutor stated that because he had apparent difficulty reading the jury questionnaire, the prosecutor was concerned that this prospective juror would have difficulty with the jury instructions. The trial judge indicated that he had also observed this juror's difficulty with the questionnaire. In Tillman, the court noted that a trial judge "is certainly permitted to place in the record his observations to support a prosecutor's reasons for striking a juror." 522 So.2d at 17, n. 1. We are not persuaded that the trial court erred in finding this reason race-neutral and reasonable in the instant case.
In its brief, appellant argues that Juror 178 was singled out for special questioning designed to elicit a certain response, which is one of the factors identified *691 in Slappy as tending to show that a peremptory challenge was not used in a race-neutral fashion. The special questions asked of this prospective juror were how long he had been employed in construction and whether he had attended a local high school. The appellant does not indicate and we fail to perceive what certain response the prosecutor was attempting to elicit so as to provide a pretext for excusing this venireman.
Recognizing that we are reviewing a trial court's exercise of its discretion, we are mindful of the Supreme Court's recent observation that "[i]n trying to achieve the delicate balance between eliminating racial prejudice and the right to exercise peremptory challenges, we must necessarily rely on the inherent fairness and color blindness of our trial judges who are on the scene and who themselves get a `feel' for what is going on in the jury selection process." Reed v. State, supra at S116. In sum, we have not been shown that the record indicates the jury selection process failed to meet the requirements of Neil.
Appellant argues further that the trial court impermissibly allowed comment on his right to remain silent. During the proffer of the testimony of Detective Rutherford, who interviewed appellant shortly after his arrest, appellant objected to the eliciting of the statement allegedly made by him to Rutherford: "I told you I did it; I don't have anything else to say." The trial court initially sustained the objection, but later concluded that the statement could be deemed an admission of some sort and would apparently allow the statement on that basis. The appellant preserved his objection, and the statement at issue was elicited on direct examination by the state.
As explained in Jackson v. State, 522 So.2d 802, 807 (Fla. 1988), the Supreme Court has adopted "a very liberal rule" for determining what constitutes a comment on silence. "If the comment is `fairly susceptible' of being interpreted by the jury as a comment on the defendant's exercise of his right to remain silent it will be treated as such." Id., citing State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), and State v. Kinchen, 490 So.2d 21 (Fla. 1985).
We believe the statement made by appellant which was brought out during examination of Officer Rutherford was fairly susceptible of being interpreted by the jury as a comment of appellant's right of silence, and ought not to have been allowed. However, the error was harmless given the overwhelming evidence of guilt established at trial.
Appellant also argues on appeal that the trial court erred in calculating his sentencing guidelines scoresheet. More specifically, it is argued the trial court erred in scoring as prior record convictions (Circuit Court Case Numbers 88-12000 and 88-12002) which were obtained after the offenses in the instant case were committed, and Case No. 88-12000 involved an offense which was committed after the instant offenses were committed. Case No. 88-12002 involved offenses which were committed before. In Thorp v. State, 555 So.2d 362 (Fla. 1990), the Supreme Court resolved a dispute among the district courts when it held that an offense committed before the primary offense for which a conviction is obtained prior to sentencing the primary offense may be scored as prior record. Accordingly, the trial court erred in scoring Case No. 88-12000 as prior record, while the scoring of Case No. 88-12002 was proper.
Appellant further argues that the trial court erred in not delaying imposition of sentence until other pending cases could be resolved so that all of appellant's offenses could be scored on a single guidelines scoresheet. The record reflects that at the time of sentencing in the instant case, neither a guilty verdict nor a plea of guilty or nolo contendere had been obtained in the other cases. Therefore, these cases were not "pending" for purposes of rule 3.701(d)(1), Florida Rules of Criminal Procedure. Although we affirm the sentences, we again certify, as we did in Clark v. State, 519 So.2d 1095 (Fla. 1st DCA 1988), the following question:
WHETHER IT IS THE TRIAL COURT'S DUTY TO ASSURE THAT ALL OF A *692 DEFENDANT'S CASES PENDING IN A PARTICULAR COUNTY AT THE TIME OF THAT DEFENDANT'S FIRST SENTENCING HEARING ARE DISPOSED OF USING ONE SCORESHEET, INCLUDING DEFERRAL OF SENTENCING UNTIL ALL OF THE PENDING CASES HAVE BEEN ADJUDICATED UNLESS THIS WOULD CAUSE UNREASONABLE DELAY OR WOULD UNDULY BURDEN THE COURT OR PREJUDICE THE DEFENDANT?
Id. at 1097-1098.
The state concedes that the aggravated assault and assault offenses as charged are lesser included offenses of the armed robbery counts. Accordingly, the convictions for aggravated assault and assault are reversed, but the remaining convictions are affirmed. As noted above, the scoring of prior record must also be corrected.
AFFIRMED in part, REVERSED in part, and REMANDED for recalculation of the scoresheet.
MINER, J., concurs.
ZEHMER, J., specially concurs with written opinion.
ZEHMER, Judge (specially concurring).
I concur in the judgment and opinion of the court, but not without some reservation about the role of the appellate court in reviewing trial court rulings on Neil objections to the exercise of peremptory challenges on the grounds of race. My concern in this case is focused on the requirement laid down in Slappy that there must be record support for the racially neutral reasons advanced by the state when directed to explain its peremptory challenges.
The supreme court's recent decision in Reed v. State has clarified the relative roles of the trial judge and the appellate courts in the enforcement of this process. Trial judges must be accorded broad discretion in passing on these objections, and appellate courts should be most circumspect in placing limitations on the scope of that discretion. As I read Slappy, however, once the state is called on to explain its racially neutral reasons for exercising its peremptory challenge, the record must support the asserted basis for the nondiscriminatory reason given. Heretofore I had always taken that to mean that the record must contain support in the sense that the juror had been questioned and had responded in a manner that established the reason, or that the state otherwise had some evidence of the representation to show the trial court, such as a juror questionnaire or a printout of the juror's prior criminal record. In the instant case, however, the prosecutor merely referred to the jurors' prior criminal record, in one instance with considerable uncertainty, without identifying any particular document or source of the information being used, so there simply is no record support for the prosecutor's representations.
In Tillman v. State, 522 So.2d 14, 17 n. 1 (Fla. 1988), the supreme court said that the trial court could accept the prosecutor's representation of a juror's prior criminal record, using as an example that the prosecutor need not present a copy of the judgment of conviction to rely on a criminal record; but I do not read that opinion as dispensing entirely with the need for the prosecutor to indicate on the record, other than the prosecutor's bare representation, some evidentiary support for the asserted reason, either through questioning of the juror or identifying the source of the information being relied on.
I recognize that the purpose of the trial court's inquiry is to determine the good faith motives of the prosecutor exercising the peremptory challenge, and not simply to determine whether the reason stated is factually correct. Surely, the prosecutor's good faith belief in the correctness of the reason stated, if racially neutral, is sufficient to obviate the defendant's objection even though it might be factually incorrect. If the sufficiency of the objection is to be decided by the trial judge solely on the basis of the attorney's representation without an evidentiary basis in the record for the statement, however, then the trial court must simply accept or reject the prosecutor's credibility based on the court's observations *693 at trial, knowledge of the attorney, and its subjective belief that the representation is true or false. As I see it, this is about the only way the process can work from a practical standpoint. But under this process what is there for an appellate court to review? Since the standard of appellate review is abuse of the broad discretion accorded the trial judge in these matters, if that discretion is to be exercised solely on the basis of the trial judge's subjective decision regarding the prosecutor's credibility with nothing more in the record, an appellate court has no record basis against which to judge the exercise of that discretion.
Judge Smith's opinion has done a remarkably fine job of analyzing the facts and decisional law in determining that the trial court's rulings did not constitute an abuse of discretion. I join in the decision because the trial court's subjective acceptance of the credibility of the prosecutor's representations conforms with the standards of appellate review under Neil, Slappy, Tillman, Reed, and other court decisions discussed in Judge Smith's opinion for the court. Under this standard of appellate review, however, I can see little if any basis on which an appellate court can ever overturn the trial court's exercise of discretion in these matters.
NOTES
[1] Although the cited cases deal with the state's burden of rebuttal, it is quite clear that the rule regarding improper use of peremptory challenges applies to both the prosecution and the defense. State v. Neil, supra at 487, n. 11.