686 So.2d 749 (1997)
Willie Arthur JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1848.
District Court of Appeal of Florida, Fifth District.
January 10, 1997.
James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
*750 HARRIS, Judge.
Willie Arthur Jones was convicted of the introduction of contraband into a county detention facility. During Jones' trial, the officer that observed the violation testified:
Q. And was that your only involvement in the case?
A. Primarily. Brief interview with the defendant. He invoked his rights.
Jones moved for mistrial based on the officer's comment on his right to remain silent. The court denied his motion. We affirm.
While we agree that the statement by the officer was indeed improper (the court offered a curative instruction which was declined), we nevertheless conclude that the statement is subject to the harmless error rule. See Stephens v. State, 559 So.2d 687 (Fla. 1st DCA 1990). We do not believe that the result of the trial would have been any different had the statement not been made. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Since Jones was not advised that he could contest the amount of the Public Defender's lien, we reverse the lien and remand for further consideration after compliance with Rule 3.720(d)(1). See Bright v. State, 675 So.2d 260 (Fla. 5th DCA 1996).
AFFIRMED in part, REVERSED in part and REMANDED.
COBB and THOMPSON, JJ., concur.