HARRIS, Judge.
John Lopez was charged with and convicted of burglary of a dwelling with an assault, two counts of lewd act upon a child, and one count of attempted lewd act upon a child. The victim was a fifteen-year-old emotionally handicapped girl. The events were witnessed by her seven-year-old (eight at the time of testimony) sister. Lopez appeals on several grounds; we affirm in part and reverse in part.
Lopez contends that the eight-year-old girl was not shown to be competent to testify. The court conducted a hearing on the issue and determined that she was competent. It is within the sound discretion of the trial judge to determine the competence of a witness to testify. Simmons v. State, 683 So.2d 1101 (Fla. 1st DCA 1996). We find no abuse of that discretion in this case.
Lopez also contends that the court erred in not granting a mistrial when the State commented on his right to remain silent. During the officer’s testimony, the following response was given:
Q. And after making that statement, he became, did he become agitated again?
A. Yes. He did.
Q. And at that point did you just cease discussions with him?
A. He conveyed to us that he no longer wished to speak with us.
This was an inappropriate statement. Lewis v. State, 654 So.2d 617 (Fla. 4th DCA 1995). We find, however, that the statement under the facts of this case was harmless. See Jones v. State, 686 So.2d 749 (Fla. 5th DCA 1997). We do not believe that the result of the trial would have been any different had the statement not been made.
We agree with Lopez, and the State concedes error, that the combined sentence of imprisonment and probation exceeds the statutory limit and that the condition of probation prohibiting his consumption of alcohol, not mentioned at sentencing, is improper. See Justice v. State, 674 So.2d 123 (Fla.1996).
AFFIRMED in part; REVERSED in part and REMANDED for resentencing.
PETERSON, C.J., and ANTOON, J., concur.