824 So.2d 271 (2002)
Patrick KINER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1560.
District Court of Appeal of Florida, Fourth District.
August 21, 2002.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Monique E. L'Italien, *272 Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Patrick Kiner ("Kiner") appeals an adjudication of guilt following his jury conviction for dealing in stolen property. Kiner and his partner in crime, Robert Grandison ("Grandison"), were arrested on charges of burglary, grand theft and dealing in stolen property in connection with the early-morning burglary of a warehouse in Broward County Florida, where a television set and an assortment of tools were stolen. While at the warehouse, the pair commandeered a forklift escaping with their bounty into the night.
In the haste of their flight, the duo's improvised getaway car became mired in the sand in Grandison's front yard. Despite yeoman efforts to free it, the hijacked vehicle remained stuck.
Abandoning their recovery efforts, Grandison and Kiner then sold several of the items, including the television to local neighbors. The following morning Deputy Goobeck ("Goobeck") responded to investigate the warehouse burglary and discovered the abandoned forklift, eventually arresting Grandison and Kiner.
Grandison accepted the State's plea offer and agreed to testify against Kiner. At trial, Grandison's account of the events surrounding the burglary was essentially the lynchpin of the State's case, supported by the testimony of several convicted felons and crack dealers.
A central issue in this appeal, is the testimony of Detective Handel, ("Handel"). On direct examination of Handel regarding his interview with Kiner, the State elicited the following statement:
The State: After this preinterview is done and he told you this, did there come a time that you are now going to go through this on tape?
Handel: Yes.
The State: When you went to go on tape and record his statement what happened?
Handel: He invoked his rights and requested a lawyer.
The defense immediately objected on the ground that the testimony was an improper comment on Kiner's exercise of his right to remain silent.
We agree that Handel's testimony amounted to an improper comment on the exercise of his right to remain silent.
Unless it is harmless error, a comment on the defendant's exercise of his right to remain silent is reversible error. State v. DiGuilio, 491 So.2d 1129, 1136-37 (Fla.1986). A comment on a defendant's post-arrest invocation of his right to remain silent after he has answered questions is fairly susceptible of being interpreted by the jury as a comment on silence. See id. at 1131. "Comments on silence are high risk errors because there is a substantial likelihood that meaningful comments will vitiate the right to a fair trial." DiGuilio, 491 So.2d at 1136. An error is harmless only where, after close examination of the permissible evidence and even closer examination of the impermissible evidence, it is clear that the testimony did not affect the jury verdict and was harmless beyond reasonable doubt. Id. at 1138.
In the instant case, Handel's testimony was a direct comment on Kiner's right to remain silent. It is a statement that is substantially similar to the statement in Smith v. State 754 So.2d 54, 55 (Fla. 3d DCA 2000). In Smith, the investigating officer conducted an initial interview and the defendant made an incriminating unrecorded admission. See id. Thereafter, *273 the detective requested the defendant provide a recorded statement. He refused. See id. The third district held that the detective's statement that the defendant refused to provide a statement was an impermissible comment on his right to remain silent. See id.
We find further support for this position in Jones v. State, 686 So.2d 749, 750 (Fla. 5th DCA 1997). In Jones, the fifth district examined a similar factual situation. See id. In Jones the defendant began answering questions; however, he subsequently invoked his right to counsel. See id. During direct testimony, the officer testified that "[p]rimarily ... he invoked his rights." Id. The language is instructive in that it is identical to the statement by Handel in the case sub judice.
Additionally, State v. Hoggins, 718 So.2d 761, 772 (Fla.1998), and Thompson v. State, 634 So.2d 169, 169 (Fla. 1st DCA 1994), may both be cited to stand for the proposition that a comment on a defendant's refusal to answer booking questions, or refusal to answer questions after arrest is reversible error.
The State urges us to draw a temporal distinction between the case at bar and both Hoggins and Thompson by drawing attention to the word "postarrest." We find this to be a distinction without a difference.
To accept the State's argument on this point would distort the jurisprudence upon which the defendant's right to counsel and silence is predicated. In this case, Kiner was clearly in custody at the time of the statement. By the State's own argument, Kiner had already been advised of his right to remain silent. If, as would logically flow from the State's position, we find that Kiner may be advised that he has the right to remain silent, then allow the exercise of this right to be used against him, simply because the officer had not "arrested" him before eliciting the statement, would eviscerate the heart and soul of the Miranda[1] protections. A right, whose exercise is conjoined with a punishment cannot be said to be a right at allit is an illusory protection at best. For this reason, we find the State's argument without merit.
In this case, the officer's statement in front of the jury is a clear and unequivocal statement that Kiner invoked his right to an attorney and therefore a right to remain silent. As such it is fairly susceptible to interpretation as a comment on the defendant's silence. It is therefore, if not harmless, reversible error.
The seminal case in Florida jurisprudence on harmless error in the context of comments on a defendant's silence is DiGuilio v. State, 491 So.2d at 1138. See also Goodwin v. State, 751 So.2d 537 (Fla. 1999) (reiterating the harmless error test espoused in DiGuilio and applying it to cases not involving constitutional error). Under the DiGuilio test, the State bears the burden of showing that, beyond a reasonable doubt, the error complained of did not contribute to the verdict. See id. Stated another way, the state must prove that there is no reasonable possibility that the error contributed to the conviction. See id. (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).
In the instant case the lion's share of the State's case centered around the credibility of the witnesses' testimony and circumstantial evidence of Kiner's guilt. As DiGuilio instructs us we first examine the permissible evidence. See id. at 1138. It is clear that the State's case rested upon the uncorroborated testimony of several known drug dealers and convicted felons. *274 In fact, the State's key witness was a co-conspirator in the scheme from the very beginning. Given these facts, the evidence of Kiner's guilt is less than overwhelming. Compare Stephens v. State, 559 So.2d 687, 691 (Fla. 1st DCA 1990)(holding that a comment on the defendant's right to remain silent, in the face of overwhelming evidence of guilt, would constitute harmless error).
Next, we examine the impermissible testimony. See id. The officer put before the jury the fact that Kiner invoked his right to remain silent, and was, at least partially, offering no plausible explanation of his involvement. Further, the officer's testimony at least indirectly highlighted for the jury the fact that Kiner was not testifying at trial. This case, unlike those cases in which the courts have found harmless error, is not one involving a defendant's subsequent confession, or overwhelming evidence of guilt.[2] This case, even without the officer's testimony was a close call.
In sum, the officer's testimony that Kiner invoked his right to silence is an impermissible comment on the defendant's right to remain silent. On this record, the permissible evidence of Kiner's guilt was less than overwhelming. As such, it cannot be said that the error was harmless beyond a reasonable doubt. Therefore, the trial court abused its discretion and committed reversible error.
REVERSED AND REMANDED.
GUNTHER, FARMER and MAY, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] See Torres v. State, 589 So.2d 447, 447 (Fla. 4th DCA 1991) Stephens v. State, 559 So.2d 687, 691 (Fla. 1st DCA 1990).