847 So.2d 1093 (2003)
Vaughn MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4095.
District Court of Appeal of Florida, Fourth District.
June 18, 2003.
*1094 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
After trial by jury, Vaughn Miller ("Miller") was found guilty of possession of cocaine with intent to sell or deliver and guilty of resisting an officer without violence. Miller raises three arguments on appeal. First, Miller contends the trial court erred by failing to grant his motion for a new trial based on the prosecutor's improper comment on his right to remain silent. We agree. Miller also contends the trial court erred in denying his motion for a mistrial based on comments made by a venireperson. We disagree. Miller's third argument sought to correct the final judgment. This issue was resolved prior to this court's review of the case and this argument is therefore moot.
Initially, Miller contends the trial court erred by concluding that the prosecutor did not improperly comment on his right to remain silent. The test to determine if a comment is an improper comment on a defendant's right to remain silent is whether the statement is fairly susceptible of being interpreted by the jury as a comment on the defendant's failure to testify. State v. Kinchen, 490 So.2d 21 (Fla.1985). "Unless it is harmless error, a comment on the defendant's exercise of his right to remain silent is reversible error." Kiner v. State, 824 So.2d 271 (Fla. 4th DCA 2002)(citing State v. DiGuilio, 491 So.2d 1129 (Fla.1986).)
In this case, during closing arguments, the prosecutor commented to the *1095 jury that the judge "also instructed you that the defendant has the right to remain silent. And he does. He did not take the stand in this case. But there were two witnesses." Defense counsel immediately moved for a mistrial arguing that the prosecutor's comment was an impermissible comment on the defendant's right to remain silent. The court denied the motion. For the reasons fully explained below we find this to be error and reverse and remand for a new trial.
In Varona v. State, 674 So.2d 823 (Fla. 4th DCA 1996) this court held that it was reversible error for a prosecutor to comment on the defendant's right to remain silent during voir dire. The comments made by the prosecutor in Varona were as follows:
Now, you understand obviously that the defendant has a right to remain silent... [I]f the defendant does decide to testify, and he doesn't have to do anything. He could sit there and play crossword puzzles as long as he behaves himself. [I]f the defendant were to choose to testify, were to give a statement, would you look at his testimony as you would the testimony of any other witness or person? ... And you understand he doesn't have to do anything in a criminal case. He doesn't have to even say one word and that's his right, okay?. You understand I can't comply [sic] the defendant to take the witness stand either. So I can't call him as a witness for any reason ...
In Varona, this court noted that it was the right of the defense to open voir dire discussion up on the issue of a defendant's right to remain silent and commented that "[b]ecause of the common belief that the innocent have nothing to hide, courts vigilantly protect the right to remain silent against the devaluation by innuendo or faint praise." Id. at 825. This court explained the comments were improper "in that they tended to demean a constitutional right and call undue attention to appellant's decision whether or not to testify." Id.
Although distinguishable because the improper comment in the case at bar did not occur during voir dire, we find the comment made by the prosecutor in this case equally improper. The comment in this case called undue attention to Miller's decision whether or not to testify. Furthermore, pointing out during closing argument that the defendant did not take the stand is certainly fairly susceptible of being interpreted by the jury as a comment on the defendant's failure to testify.
"An error is harmless only where, after close examination of the permissible evidence and even closer examination of the impermissible evidence, it is clear that the testimony did not affect the jury verdict and was harmless beyond reasonable doubt." Kiner v. State, 824 So.2d 271 (Fla. 4th DCA 2002)(citing State v. DiGuilio, 491 So.2d 1129 (Fla.1986).) The State bears the burden of showing that there is no reasonable possibility that the error contributed to the conviction. Id.
In an attempt to show the error was harmless, the state contends that the testimony of the state's witnesses, two detectives, was consistent while the testimony of the two defense witnesses was not. In Kiner, this court found an erroneous comment on a defendant's right not to testify harmful. In that case, the court pointed out that the state's case centered around credibility of witnesses and circumstantial evidence. The court differentiated Kiner from those cases where courts have found harmless error, pointing out that Kiner was not a case involving the defendant's subsequent confession or overwhelming evidence of guilt. Id. In Kiner, The court concluded that because the evidence *1096 against Kiner was less than overwhelming, it could not be said that the improper comment was harmless beyond a reasonable doubt. Id.
In this case, two officers testified that Miller had a candy container and engaged in a drug transaction with an unidentified woman. However, the defendant put on two witnesses who testified that the unidentified woman had the candy container of drugs, not Miller. In addition, no money or drugs were found on Miller when he was detained. This case is akin to Kiner in that the case centered around the credibility of the witnesses and the evidence of Miller's guilt was not overwhelming. As a result, in the face of the improper comment on Miller's right not to testify, we conclude that the state did not satisfy its burden of showing that there is no reasonable possibility the error contributed to Miller's conviction. For that reason, we find the trial court erred in denying Miller's motion for a new trial.
Next Miller asserts the trial court erred in denying his motion for a mistrial after a venire person allegedly tainted the jury. Although we are sending the case back for a new trial for the reasons explained above, we write to clarify on this point. "Our standard for review of the denial of the motion for a mistrial is whether the trial court abused its discretion." Durrant v. State, 839 So.2d 821 (Fla. 4th DCA 2003) A motion for a mistrial should only be granted when the error is so prejudicial as to vitiate the entire trial. Pagan v. State, 830 So.2d 792 (Fla. 2002).
During voir dire, the prosecutor asked a potential juror if she could be fair and impartial. She responded as follows: "No, I don't think so. I think I know the man. I think I waited on him in a business that I had at one time. I was watching him. I would think he was guilty." Defense counsel's motion for a mistrial was denied, and the court gave the following curative instruction:
Members of the jury panel, let me just remind each of you the instruction I read, that number one, the defendant is presumed innocent and that that presumption stays with him as to each and every stage of the trial unless it has been overcome by the evidence beyond and to the exclusion of a reasonable doubt. I'm just paraphrasing, but I read the entire instruction to you earlier. I just want to remind you of that. Let me just remind you, when we ask you if you can be fair and impartial, you have not heard any of the evidence, all we ask is that you are willing to listen to the evidence in the case and render a fair and just verdict based solely on the evidence and on the law that will be contained in the instruction I give you.
In support of his argument that this comment should have resulted in a mistrial, Miller cites cases where courts have held that it was error for a venire panel not to be stricken in its entirety after learning of the defendant's previous arrest history or involvement in other criminal activity. See, e.g., Kelly v. State, 371 So.2d 162 (Fla. 1st DCA 1979)(reversed where jury panel was sworn which included members of jury panel from defendant's other criminal case.); Wilding v. State, 427 So.2d 1069 (Fla. 2d DCA 1983)(holding that a defendant's right to a fair trial is violated when the jury is improperly made aware of a defendant's arrest for unrelated crimes.)
We find these cases inapposite, as the comment in this case did not insinuate that Miller had any previous criminal charges or that the potential juror was aware of any criminal activity Miller may have been involved in.
*1097 In Brower v. State, 727 So.2d 1026 (Fla. 4th DCA 1999), certain members of the venire were overheard making comments such as "hang him," "Why are we going through this?", "Where I come from they would have just strung him up," and "They are going to have to prove to me that he did not do it." Id. at 1026. All of the potential jurors who were heard making such comments were stricken, but the court rejected defense's request to strike the entire panel and denied the motion for a mistrial. Id. After commenting on the standard of review afforded in this situation, and noting that voir dire continued after this was brought to the court's attention giving counsel time to investigate whether any jurors had prejudged the case based on the inappropriate comments, this court concluded as follows:
We recognize that the conduct of the prospective jurors in question is not only shocking, but represents sad and cynical attitudes held and demonstrated by certain segments of our citizenry. Nevertheless, Appellant was not deprived of a fair trial by the trial court's decision to conduct an inquiry and proceed with those jurors who had not acted offensively and who Appellant has not shown were otherwise tainted. To hold otherwise would impose a per se reversal rule, undermine the trial court's discretion, and effectively impugn the integrity of the remaining jurors who were able to disregard their inadvertent exposure to the boorish and insolent antics of their fellow citizens.
...
The right in question is a right to an impartial jury. Prospective jurors are frequently exposed, before and during voir dire, to innumerable comments, attitudes, and points of view, the subscription to which would be improper for an unbiased juror. Simply because the offensive comments were made during the time the prospective jurors were members of a jury venire, there is no reason to apply a different standard here than is generally applied in reviewing the trial court's decisions in voir dire under analogous circumstances. Although we agree that this court should reverse if it is shown that a manifest injustice resulted from the trial court's refusal to strike the venire, here, such a conclusion would be speculation.
Id. at 1027 (internal citations omitted).
We find the case at bar analogous to Brower. In this case, after the potential juror made the comment, voir dire continued for some time. Therefore it is clear that counsel had plenty of time to investigate whether any jurors had prejudged the case based on the inappropriate comment. Additionally, the juror who made the comment was excused from the panel. In this case, there was one comment from one juror that Miller alleges tainted the entire panel. In Brower, numerous comments from numerous venire-persons were at issue and this court concluded that the court acted within its discretion when it denied the motion for a mistrial.
Following Brower and based on the discretion afforded to the trial court, we find that the trial court did not abuse its discretion in this regard.
KLEIN and GROSS, JJ., concur.