919 So.2d 578 (2006)
Jeffrey Robert BRACK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1855.
District Court of Appeal of Florida, Fourth District.
January 11, 2006.
*579 Glenn H. Mitchell, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
The appellant appeals his conviction and life sentence for first degree murder with a firearm. He raises six issues, none of which have any merit, and we summarily dispose of each.
First, the appellant claims that the court erred in admitting a deposition of a critical witness, because the requirements of Florida Rule of Criminal Procedure 3.190(j) were not followed. He conveniently overlooks the fact that he stipulated to the taking of the deposition, was personally present, and did not object when the deposition was offered at trial. Even if there was any procedural deficiency, he has waived any error. See State v. Wells, 538 So.2d 1292, 1293-94 (Fla. 2d DCA 1989).
Second, the appellant claims the court erred in conducting a sentencing hearing without his presence. Sentencing was conducted in two hearings, the first of which he was absent from because of illness. At the first hearing, his attorney waived his presence, and the trial court allowed the victim's sister to make a statement on behalf of the victim's family members. At the conclusion of the hearing, the court ordered the proceeding typed and delivered to the appellant. At the second hearing, the appellant voiced no objection to his attorney's waiver of his presence at the prior proceeding. Because he had actual knowledge of the waiver through the transcript and did not object, he acquiesced in his attorney's waiver of his presence. See Amazon v. State, 487 So.2d 8, 11 (Fla.1986).
Third, the appellant suggests that the trial court improperly limited his right to cross-examine his ex-girlfriend who was a key state witness. During cross-examination, the ex-girlfriend admitted that she despised him. Counsel then asked her whether in fact this was her feeling even before the murder, and she answered "yes." The state made a relevancy objection, which the court sustained, yet the state did not request that the answer be stricken. In any event, even if the evidence was relevant, the court has discretion to control the scope of cross-examination. See Jones v. State, 580 So.2d 143, 145 (Fla.1991). Here, counsel was seeking to establish bias on the part of the witness, and we think such bias was amply proven by her testimony that she despised the appellant. Thus, any error in limiting cross-examination was harmless.
Appellant makes another evidentiary challenge to a witness's recitation of what someone else said at the time of the murder. The trial court overruled the objection as a "present sense" declaration. We agree and also note that the statement was cumulative, as the person who made the statement also testified to the same thing.
As his penultimate point, appellant contends that his motion for judgment of acquittal should have been granted, but the motion merely argued that the state failed to present a prima facie case. A motion for judgment of acquittal must fully set forth the grounds on which it is based. Fla. R.Crim. P. 3.380(b). "[A] motion which asserts that the state failed to present a prima facie case, without more, is *580 insufficient." Romero v. State, 901 So.2d 260, 265 (Fla. 4th DCA 2005).
Finally, although the appellant admits that he did not preserve his last issue regarding an alleged comment on his right to remain silent, even if he had, the issue is without merit. We agree with the third district's opinion in Fernandez v. State, 786 So.2d 38, 40 (Fla. 3d DCA 2001), which is directly on point and holds that the comment that the defendant declined to have his statement to the police recorded, after the defendant waived his Miranda rights and made a full statement, is not an impermissible comment on the defendant's silence.
Affirmed.
STEVENSON, C.J., and HAZOURI, J., concur.