WARNER, J.
Jewel Grier appeals his convictions for multiple counts of lewd and lascivious molestation and conduct, sexual battery, attempted sexual battery, and simple battery. Because the trial court erred in denying the defendant’s motion for a mistrial after a police officer made an impermissible comment on his right to remain silent, we reverse.
The charges in this case arise out of the physical relationships that Grier had with three teenage girls whom he met through church. The principal witnesses against Grier were the three girls and the police officer who interrogated Grier. At trial, part of the defense strategy was to suggest that the victims consented to much of the physical contact. The consent of the girls would constitute a valid defense to some of the charges. Grier did not testify.
' The police officer who interviewed Grier testified that Grier admitted having a physical relationship with each of the accusers. According to the officer, Grier admitted many aspects of the girls’ allegations, but did not admit other details of the allegations. The officer testified that he did not tape-record the conversation he had with Grier. Once the officer had completed the initial interview, he said to Grier: “I’d like to get this on a sworn taped statement.”
The prosecutor asked the officer whether Grier would go on tape at that point. The officer replied, “No, he wouldn’t. And that — He thought about it for a while. And then he said, ‘No. I’d rather have an attorney present.’ ” Defense counsel immediately objected and moved for a mistrial. The trial court denied the motion, reasoning that the officer merely commented on the defendant’s exercise of his right not to be taped. Later, the officer again mentioned Grier’s request for an attorney when the officer was trying to get further information from Grier. The trial court gave Grier a “continuing objection.” *655 The jury found Grier guilty as charged on all counts in the amended information.
Any comment that is “fairly susceptible” of being interpreted as a comment on the defendant’s right to remain silent will be treated as such. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Admission of a defendant’s statement requesting an attorney amounts to a comment on the defendant’s right to remain silent. Shingledecker v. State, 734 So.2d 483 (Fla. 4th DCA 1999). Comments on silence are high risk errors because there is a substantial likelihood that such comments will vitiate the right to a fair trial. DiGuilio, 491 So.2d at 1136. Unless the state can show harmless error, a comment on the defendant’s exercise of the right to remain silent warrants reversal. Id. at 1136-37. “Application of the test requires not only a close examination of the permissible evidence on which the jury could have legitimately relied, but an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.” Id. at 1138.
A comment that the defendant declined to have his statement to the police recorded, after the defendant waived his Miranda rights and .made a full statement, is not an impermissible comment on the defendant’s silence. Brack v. State, 919 So.2d 578, 580 (Fla. 4th DCA 2006); Fernandez v. State, 786 So.2d 38, 40 (Fla. 3d DCA 2001). Central to the court’s reasoning in Fernandez is the notion that the state should be permitted to head off any argument by the defense that the defendant’s oral statement should be disregarded because it was not written down or recorded where the defendant was given the opportunity to memorialize the oral statement and refused to do so. Fernandez, 786 So.2d at 40.
Grier relies heavily on Kiner v. State, 824 So.2d 271 (Fla. 4th DCA 2002), which we find to be on point. There, the detective did an unrecorded “pre-interview” with Kiner. Id. at 272. After the officer completed the pre-interview in which Kin-er made incriminating statements, the officer wanted to get the defendant’s statement on tape. Id. At trial, the state asked the officer what happened when he went to go on tape and record the defendant’s statement, and the officer replied that the defendant “invoked his rights and requested a lawyer.” Id. This court held that the comment was impermissible:
In this case, the officer’s statement in front of the jury is a clear and unequivocal statement that Kiner invoked his right to an attorney and therefore a right to remain silent. As such it is fairly susceptible to interpretation as a comment on the defendant’s silence. It is therefore, if not harmless, reversible error.
Id. at 273.
In this case, the state’s line of questioning was properly directed at overcoming any suggestion by defense counsel that the officer did something wrong by failing to get a taped statement from Grier. Had the officer merely stated that Grier declined to go on tape, there would not have been an impermissible comment on the defendant’s silence. See Brack, 919 So.2d at 580; Fernandez, 786 So.2d at 40. However, the officer’s statement went beyond explaining that Grier refused to go on tape; the officer also added the fact that Grier stated, “No. I’d rather have an attorney present.” For this reason, the facts of the instant case are closely analogous to those in Kiner. Grier’s statement was a clear invocation of his right to an attorney, and thus, his right to remain silent. Therefore, the officer’s testimony amounted to a comment on the defendant’s silence.
*656 The state suggests that the error was harmless. Based upon our review of the record, it cannot be said that there is no reasonable possibility that the error contributed to the verdict. See DiGuilio, 491 So.2d at 1138. Grier contended that some of the acts were consensual. In addition, two of the victims were plaintiffs in a civil suit filed against Grier and his employer. On some of the counts, there was no evidence of Grier’s guilt other than the testimony of the victims. Thus, although Grier did not testify, credibility was an issue, and the jury could have construed Grier’s request for an attorney as impacting the credibility of his out-of-court statement to the officer in which he denied certain aspects of the allegations. Therefore, we reverse Grier’s convictions and remand for a new trial.

Reversed.

GROSS and HAZOURI, JJ., concur.