RAMIREZ, J.
Mark Wilson appeals the trial court’s final judgment of conviction and sentence of attempted purchase of cocaine. We reverse because the prosecution impermissi-bly commented on Wilson’s right to remain silent at the end of its closing argument.
On October 14, 2005, the City of Miami Crime Suppression Unit conducted an operation using teams of undercover narcotics detectives who would pose as drug buyers or sellers. Detective Odney Bel-fort participated in the operation. He was trained in working in an undercover capacity involving narcotics identification and tactical narcotics training.
Early on October 14, 2005, Detective Belfort and other detectives arrested a drug seller from an abandoned house in Miami. Following the arrest, Detective Belfort posed as a drug seller at the same location. Later that day, Wilson, while removing money from his pocket, approached Detective Belfort. When he got close to Detective Belfort, Wilson asked for “four hards,” street slang for four rocks of cocaine. Detective Belfort showed Wilson a plastic bag containing narcotics seized earlier that day. Ater flashing the bag, Detective Belfort opened the bag. Once Wilson had seen what was in the bag, he tendered a twenty dollar bill. Detective Belfort took the twenty dollar bill and reached into the bag to retrieve the narcotics. A back-up team of officers then came in, grabbed Wilson, and arrested him.
*44 At trial, Detective Belfort explained that he knew what Wilson meant when he asked for “four hards” because of his experience as an officer working in the subject area, he had posed as a seller prior to the subject sale, and he knew the street slang. He stated that buyers never asked for rock cocaine itself, but used the terms “hards” or “soft,” or they would ask for a “boy” (heroin) or a “girl” (powder cocaine). Detective Belfort stated that the bag he flashed to Wilson was a smaller tinted green zip plastic bag, which was the characteristic baggie used in the area. Different areas had different color baggies. Detective Belfort stated the tinted green bag was used because it was recovered from the actual seller at the location.
Detective McGahee, the take-down officer at the scene when Wilson was arrested, testified that Detective Belfort had the twenty dollar bill that Wilson had handed to him. Detective Belfort handed Detective McGahee the money, which he then placed inside of an envelope with a metal tab on the back of it. Detective McGahee sealed the envelope, wrote Wilson’s name on it and wrote the case number on it. Detective McGahee also filled out a money sheet indicating the denomination of the money received. The envelope was then taken with Wilson to the command post. Detective Allen received the envelope containing the twenty dollar bill from Detective McGahee and turned it in to the property unit. The twenty dollar bill was not admitted into evidence because the State failed to lay the proper legal foundation.
The defense moved for a judgment of acquittal, contending that the State failed to show that Wilson knew he was buying any kind of drugs because there was no showing that he knew what “hard” meant. The State argued that the issue of whether or not “four hards” meant crack cocaine was an issue of fact for the jury to decide. The trial court denied the motion.
During the State’s closing, the prosecutor stated:
Members of the Jury, this isn’t a murder case. It is an attempted purchase of cocaine. A stubborn fact. A crime. A crime, nonetheless.
The defendant has had the opportunity to be able to have a jury trial and he has that right. He had the right to remain silent—
Defense counsel objected to the reference to Wilson’s right to remain silent. The trial court sustained the objection and reserved ruling. The prosecution continued its argument by stating that Wilson had the right to see every witness presented against him, but that he did not have the right to commit a crime. He then concluded by asking the jury to And Wilson guilty of attempted possession of cocaine.
After the parties concluded their closing arguments and the jury retired for deliberation, the parties discussed with the court the defense’s objection to the reference to Wilson’s silence. Wilson’s attorney moved for a mistrial. The court found that, in the context in which it was said, it was not an improper statement by the prosecutor. The trial court denied Wilson’s motion for mistrial.
In defending the prosecutor’s comment, the State argues that the statement did no more than state the obvious, that a defendant has the right to remain silent, which every juror knows. This argument has been rejected consistently by the courts of our state for many years. In Carter v. State, 199 So.2d 324 (Fla. 2d DCA 1967) (reversed on other grounds by Falcon v. State, 226 So.2d 399 (Fla.1969)), the court found a similar comment to be reversible error.[1] The court reasoned *45 that “[i]n the light of numerous decisions of the Florida courts in the fairly recent past, we must hold the comment of the prosecutor to have been prejudicial.” Carter, 199 So.2d at 335. It explained that in the argument objected to here, the attention of the jury was directly drawn to the fact that defendant had a constitutional right not to testify. This in turn unfailingly focused attention of the jury upon the fact that defendant had not testified in his own behalf. Id. at 335-36.
In Miller v. State, 847 So.2d 1093, 1094-95 (Fla. 4th DCA 2003), during closing arguments, the prosecutor commented to the jury that the judge “also instructed you that the defendant has the right to remain silent. And he does. He did not take the stand in this case. But there were two witnesses.” Defense counsel immediately moved for a mistrial arguing that the prosecutor’s argument was an impermissible comment on the defendant’s right to remain silent. The court denied the motion. Id. at 1095. The Fourth District reversed and remanded for a new trial, citing to Varona v. State, 674 So.2d 823 (Fla. 4th DCA 1996), which concluded that it was reversible error for a prosecutor to comment on the defendant’s right to remain silent during voir dire. The court explicated that the comment made by the prosecutor called undue attention to Miller’s decision whether or not to testify. “Furthermore, pointing out during closing argument that the defendant did not take the stand is certainly fairly susceptible of being interpreted by the jury as a comment on the defendant’s failure to testify.” Miller, 847 So.2d at 1095. The court then found the error harmful.
The State has not cited to a single case where a Florida court has held that such a comment was nothing more that stating the obvious, that a defendant has the right to remain silent, which every juror knows. Neither can the State cite a single case in which a similar comment by a prosecutor has been found to be harmless. Instead, the State cites to cases where witnesses have made the improper remark. See Fitzpatrick v. State, 900 So.2d 495 (Fla.2005); Jones v. State, 748 So.2d 1012 (Fla.1999).
We cannot find that the error here was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”). The defense argued that there was nothing to corroborate the testimony of Detective Belfort: no drugs, no twenty dollar bill, no police report. Given that the officer had made thirty other arrests that day, his credibility was questionable. Clearly, in the jury’s mind, there was another eyewitness to the transaction besides the detective — Wilson. But Wilson did not testify. For the prosecutor to call attention to this fact at the very end of his closing argument and then urge the jury to find Wilson guilty, cannot be viewed as harmless beyond a reasonable doubt.
Reversed and remanded for a new trial.
SUAREZ, J., concurs.

. The prosecutor's comment in closing was:
"I want to point this out to you, however, *45 that the defendant in every criminal case has a constitutional right not to testify and this is a right that he has and it cannot be held against him because of this constitutional right, and I want to state if the defendant does object to not having this evidence, they have the same subpoena power as does the State. They can come in here too — ”
Id. at 335.