664 So.2d 41 (1995)
Ernest SPRY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1088.
District Court of Appeal of Florida, Fourth District.
December 6, 1995.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Our supreme court observed in State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986), that comments on a defendant's failure to testify can be of "almost unlimited variety," and the Hollywood-inspired argument made by the prosecutor in this case bears that out.
The state established by unrefuted evidence that a prisoner had gone into an open cell occupied by another inmate, and, after the assailant inflicted over a dozen cuts and stab wounds, the victim managed to escape through his open cell door. In escaping, the victim closed the cell door behind him, locking the assailant inside. In commenting on the strength of his case against defendant, who was of course the prisoner found locked in the victim's cell, the prosecutor said that the case reminded him of a scene from the film "Guide to the Married Man," in which one character advised another that even if he got caught in an act of infidelity "[o]ne of the rules of the game, always deny it  never admit anything ... even if you get caught in the act."
Defendant, who did not take the stand, moved for a mistrial which was denied, but the court did instruct the prosecutor not to proceed further in this area. We would think that the fact that we have been compelled to reverse so many convictions because of improper comments on silence would *42 result in prosecutors getting the message, yet they seem to keep coming up with arguments which can have a double meaning, and thus risk error.
Although we need not decide whether this argument would require reversal, because the uncontradicted evidence of defendant's guilt in this case makes the argument harmless beyond any doubt, we remind counsel that any remark which is "fairly susceptible" of being interpreted as a comment on silence creates a "high-risk" of error. DiGuilio, 491 So.2d at 1135-37.
Affirmed.
POLEN and PARIENTE, JJ., concur.