674 So.2d 823 (1996)
Sergio VARONA, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1355.
District Court of Appeal of Florida, Fourth District.
May 15, 1996.
Rehearing Denied June 24, 1996.
*824 Richard Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Appellant was convicted of robbery, possession of cannabis and resisting arrest without violence.
During voir dire, the prosecutor said to the jury:
Now, you understand obviously that the defendant has a right to remain silent ... [I]f the defendant does decide to testify, and he doesn't have to do anything. He could sit there and play crossword puzzles as long as he behaves himself. [I]f the defendant were to choose to testify, were to give a statement, would you look at his testimony as you would the testimony of any other witness or person? ...
And you understand he doesn't have to do anything in a criminal case. He doesn't have to even say one word and that's his right, okay?.. You understand I can't comply [sic] the defendant to take the witness stand either. So I can't call him as a witness for any reason ...
The trial court overruled appellant's objection that the last statement was an improper comment on appellant's right to remain silent. Appellant did not move for a mistrial. Appellant did not testify at trial. Outside the presence of the jury, he explained that he wished to avoid cross examination on his prior convictions.
Even though appellant did not move for a mistrial, his complaint about the prosecutor's voir dire was preserved for appeal because his objection was overruled. Holton v. State, 573 So.2d 284, 288 (Fla.1990), cert. denied, 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991). The "objection itself calls the court's attention to the error alleged to have prejudiced the party making the objection and to the possibility that a mistrial may be in order." Id.
*825 Any remark which is "fairly susceptible" of being interpreted as a comment on a defendant's failure to testify is an impermissible violation of the constitutional right to remain silent. State v. Kinchen, 490 So.2d 21, 22 (Fla.1985). Applying this test, even cursory references during voir dire to the right to remain silent are impermissible. In Andrews v. State, 443 So.2d 78, 83 (Fla.1983), the supreme court held the following statement by the trial judge to be improper:
The Defense may or may not call witnesses. The Defense is not required to call any witnesses nor is the defendant required to take the stand.
Recently, this court found that a prosecutor's voir dire comment was impermissible:
The Defendant has a constitutional protection in the Florida Constitution and the United States Constitution not to testify if he does not want to or his attorney chooses for him not to.
Harrell v. State, 647 So.2d 1016, 1018 (Fla. 4th DCA 1994). Similarly, in Jackson v. State, 453 So.2d 456, 458 (Fla. 4th DCA 1984), we found error in the prosecutor's television analogy during jury selection:
You understand that in Perry Mason somebody is going to stand up at some time and say that they did it, or there's a confession or something like that ... Just because that doesn't happen here doesn't mean that that man's not guilty, does it?
Because of the common belief that the innocent have nothing to hide, courts vigilantly protect the right to remain silent against devaluation by innuendo or faint praise. On voir dire, it is a defendant's prerogativenot the prosecutor'sto first broach with potential jurors the sensitive area of not taking the witness stand. This preference is reflected in the Florida Standard Jury Instructions in Criminal Cases. Both the preliminary and general instructions indicate that the charge on the right to remain silent is given not automatically, but if the "defendant requests." Fla.Std.Jury Instr. (Crim.) p. 4, 19.[1]
Set against this legal backdrop, the prosecutor's comments were improper in that they tended to demean a constitutional right and called undue attention to appellant's decision whether or not to testify. The prosecutor's words spilled far over the line of propriety drawn by the cases quoted above.
This type of error is evaluated under the harmless error doctrine. State v. Marshall, 476 So.2d 150 (Fla.1985). The burden is on the state to demonstrate "beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So.2d 1129, 1135, 1138 (Fla.1986).
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict.
Id. at 1139. The burden on the state to prove harmless error is "most severe." Holland v. State, 503 So.2d 1250, 1253 (Fla.1987). The mandate of the supreme court is that appellate courts rigorously apply the harmless error test upon a close examination of the record. DiGuilio, 491 So.2d at 1137-38.
In this case, the evidence as to the robbery was strong, but not "clearly conclusive." Id.; cf. Spry v. State, 664 So.2d 41 (Fla. 4th DCA 1995). The victim of the robbery did not identify appellant as her assailant in court. From the time of his arrest, appellant protested his innocence. The trial court overruled appellant's objection to the prosecutor's comments and gave no curative instruction. See Andrews, 443 *826 So.2d at 83, 85.[2] Appellant did not take the stand, and it is difficult for the state to demonstrate that the prosecutor's statements did not prompt the jury to consider appellant's silence in evaluating the case. This is one of the reasons that a comment on a defendant's silence has been described as a "high risk" error which has a substantial likelihood of requiring a new trial. See DiGuilio, 491 So.2d at 1136; Jones v. State, 653 So.2d 1110, 1112 (Fla. 4th DCA 1995). The one page of the state's brief addressed to this point does not attempt to make the showing required by DiGuilio other than to assert in conclusory fashion that the error was harmless. The state has failed to prove beyond a reasonable doubt that the error was harmless.
As to the remaining issues, we find no error.
REVERSED AND REMANDED.
DELL, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I do not consider the only portion of the prosecutor's comment that is raised as an issue in this appeal, to wit,
ASST. ST. ATTY: You understand I can't [compel] the defendant to take the witness stand either. So I can't call him as a witness for any reason
to be an improper comment on Appellant's right to remain silent or decision not to testify.
Taken alone, it should not be improper for the state to seek to clarify for the jurors that it is unable to call the defendant as its witness. The statement in question is entirely different than one addressing something that the defendant has, or has not, said or done, or may, or may not, say or do, either before or during trial. The state's inquiry, without more, does not ask the jury to draw unfavorable inferences about the defendant's conduct or draw the jury's attention to the defendant, or counsel's, choices in exercising the right to remain silent, as it is solely the state's conduct in not calling the defendant that is addressed to the jury and not the defendant's.
I also would conclude that any error in the court's overruling Appellant's objection to the prosecutor's inquiry was harmless error.
NOTES
[1] Preliminary instruction 1.01 and general instruction 2.04(d), Florida Standard Jury Instructions in Criminal cases.
[2] The error at issue in Andrews was the relatively benign statement quoted above. The supreme court found it "most significant" that the trial judge's comment was allowed to stand without a cautionary instruction to the jury similar to the predecessor of standard jury instruction 1.01. Andrews, 443 So.2d at 84.