PER CURIAM.
James W. Daymon appeals his conviction for second degree murder. He argues that the trial court erred in denying his motion for judgment of acquittal and his motion for a mistrial. We affirm as to both issues, but find only the motion for mistrial merits comment.
At the beginning of the trial proceedings, the trial judge gave preliminary jury instructions. Although she followed the Florida Supreme Court’s prescribed instructions, the trial judge presented the instructions in a conversational manner rather than reading the instructions by rote. In her attempt to enhance the clarity of the instructions, she commented:
I would ask each of you not to form any definite or fixed opinion about this case. As in most things that you’ve heard all your life-every once in a while there’s some truth in all those homilies that you have heard growing up-and that one about being two sides of every story is certainly true in a criminal justice setting. And for that reason I would ask that you please not form any opinions on the merits of the case until you have heard all of the evidence, the arguments of the lawyers and the instructions that I will give you on the law....
At the conclusion of the instructions, Daymon’s counsel moved for a mistrial, suggesting that the judge’s remark that there are two sides to every story was an improper comment on the defendant’s right to remain silent. The trial judge denied the motion and Daymon takes this appeal.
After reading the entirety of the instructions, we are satisfied that the comment was not prejudicial. The standard instructions warn the jurors not to reach a conclusion as to the merits of the case until they have heard all the evidence, the lawyers’ arguments, and the court’s instructions on the law. The trial court underscored its admonition with its homily. Although we do not find error, we would urge the trial court to exercise extreme caution when deviating from the approved standard jury instructions. Under other circumstances, such an innocent and well-intended statement could result in potential prejudice.
We affirm.
ALTENBERND, A.C.J., CASANUEVA and DAVIS, JJ., Concur.