SHAHOOD, J.
We affirm appellant’s judgment of conviction and sentence. Appellant’s claim that the trial court’s introductory remarks to the venire during jury selection were improper comments on his right to remain silent and on his burden of proof was unpreserved. See Goodwin v. State, 751 So.2d 537 (Fla.1999); Gutierrez v. State, 731 So.2d 94 (Fla. 4th DCA 1999).
*1279 Even if preserved, and we conclude that the trial court’s preliminary comments at the start of jury selection did not accurately reflect Florida Standard Jury Instruction 1.01, we would affirm. As in Daymon v. State, 744 So.2d 581 (Fla. 2d DCA 1999), the judge’s comments in this case were presented in a conversational manner. After the jury was sworn, however, the judge did in fact read the proper instruction. Under Varona v. State, 674 So.2d 823 (Fla. 4th DCA 1996), even a cursory reference to the right to remain silent is impermissible. See also Andrews v. State, 443 So.2d 78 (Fla.1983). Thus, a harmless error analysis must be conducted. See Varona, 674 So.2d at 825.
Under a harmless error analysis, the state proved beyond a reasonable doubt that the trial judge’s comment did not contribute to the verdict. Unlike Varona, the evidence in this case was overwhelmingly conclusive. Hence, the trial court’s comments did not contribute to appellant’s guilty verdict. See Varona, 674 So.2d at 825; State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
At no time did the court, in the context of discussing a defendant’s right to remain silent, devalue or demean that right.
We affirm as to all other issues raised on appeal, without comment, including appellant’s sentence as a habitual violent felony offender.
AFFIRMED.
KLEIN and GROSS, JJ., concur.