KLEIN, J.
We reverse appellant’s conviction of burglary and grand theft because the prosecutor improperly commented on his right to remain silent.
•Appellant was charged with breaking into a home and taking jewelry and other items. When he was apprehended with the property, he explained to the-officer that he had found it next to a cane field. This explanation was inconsistent with an earlier explanation in which appellant had stated that two men had given the stolen items to him. Referring to this in closing argument as an indication of guilt, the prosecutor stated:
Why else would Mr Williams give two different versions of how he obtained the property, unless he can’t get it together because he can’t really tell you the truth because he hasn’t got a complete story that — .
At this point, appellant interruptecl with an objection and moved for a mistrial on the ground that this was a comment on his right to remain silent. The trial court properly denied that motion; however, the prosecutor then "continued:
One thing I want to make perfectly clear, I refer .to the two inconsistent statements. I am referring to the two statements that Mr. Williams made at the day in question to Mr. Stein. Please, that’s what I am suggesting to you when I talk about statements. The defertdant has no obligation whatsoever to ever, in court, come in and testify or give us a statement and I can in no way ever suggest to you, you should negatively infer something from his incorporating or exercising his constitutional right to remain silent. I just want to make- that clear if you could segregate those — . [emphasis added.]
Appellant again objected and moved for a mistrial, but the court overruled the objection.
Although we recognize that the prosecutor may have been well intentioned, and only attempting to elaborate on his earlier comment about the inconsistent *886 stories, we find that the statement is “fairly susceptible” of being perceived as a comment on defendant’s failure to testify, which is improper. State v. Kinchen, 490 So.2d 21, 22 (Fla.1985).
In Varona v. State, 674 So.2d 823, 824 (Fla. 4th DCA 1996), the prosecutor made the following statement during voir dire:
Now, you understand obviously that the defendant has a right to remain silent ... [I]f the defendant does decide to testify, and he doesn’t have to do anything. He could sit there and play crossword puzzles as long as he behaves himself. [I]f the defendant were to choose to testify, were to give a statement, would you look at his testimony as you would the testimony of any other witness or person? ...
And you understand he doesn’t have to do anything in a criminal case. He doesn’t have to even say one word and that’s his right, okay?... You understand I can’t comply [sic] the defendant to take the witness stand either. So I can’t call him as a witness for any reason ...
We concluded in Varona, citing a number of other cases involving similar comments, that this was an impermissible violation of the constitutional right to remain silent and reversed for a new trial. Because the comment in the present case is not substantially different from the comments we addressed in Varona, we conclude that this comment was harmful error. We find no error as to the second issue raised by appellant. Reversed.
WARNER and TAYLOR, JJ., concur.