GERBER, J.
 

 A jury convicted the defendant of trafficking in oxycodone (fourteen grams or more, but less than twenty-eight grams) and possession of cocaine. The defendant raises several arguments on appeal. We affirm. We choose to address only his argument that his trial counsel was ineffective on the face of the record.
 
 See McClatchet v. State,
 
 23 So.3d 861, 862 (Fla. 4th DCA 2009) (ineffective assistance of trial counsel will be addressed on direct appeal only when the facts giving rise to the claim are apparent on the face of the record) (citation omitted).
 

 We agree with the defendant that his trial counsel failed to object when the prosecutor, during voir dire, improperly asked prospective jurors whether sympathy should play a part in his job as a prosecutor. Even if the prosecutor only was setting up his next point — that the jury may not use sympathy in their deliberations — the prosecutor’s questions about whether sympathy should play a part in his job as a prosecutor had the potential of conveying the improper message that the state charges only those who are guilty.
 
 See Williams v. State,
 
 877 So.2d 884, 885-86 (Fla. 4th DCA 2004) (“Although we recognize that the prosecutor may have been well intentioned ... we find that the [prosecutor’s] statement is ‘fairly susceptible’ of being perceived as a comment on defendant’s failure to testify, which is improper.”).
 

 The defendant’s trial counsel also failed to object when two detectives improperly testified that, based on their training and experience, the condition of the apartment at which the defendant was arrested was consistent with the condition of other apartments used to sell narcotics.
 
 See Petion v. State,
 
 4 So.3d 83, 87 (Fla. 4th DCA 2009) (“[T]estimony about generalized common practices among drug dealers is inadmissible as substantive proof of a particular defendant’s guilt.”).
 

 The defendant’s trial counsel also failed to object when the prosecutor im
 
 *1080
 
 properly stated during closing argument that the defendant “should be held responsible for his decisions.”
 
 See Pacifico v. State,
 
 642 So.2d 1178, 1182-83 (Fla. 1st DCA 1994) (asking jury to make defendant take responsibility for his actions appears to constitute implicit instruction that it was jury’s duty to society to return guilty verdict). Trial counsel also failed to object when the prosecutor improperly argued, “If we are in a society, where police officers can’t come in and give you evidence ... then, take [defendants] out the door.”
 
 See Cisneros v. State,
 
 678 So.2d 888, 889-90 (Fla. 4th DCA 1996) (attempting to persuade jury that police officer’s testimony should be believed simply because witness is police officer constituted improper bolstering of police officer’s testimony).
 

 During the defendant’s closing argument, his trial counsel three times misstated the evidence regarding whether one detective testified seeing another detective search the defendant. Trial counsel also improperly commented on the state’s failure to call a witness who was equally available to both parties.
 
 See Haliburton v. State,
 
 561 So.2d 248, 250 (Fla. 1990) (when witnesses are equally available to both parties, no inference should be drawn or comments made on the failure of either party to call the witness). Trial counsel also improperly argued matters outside the evidence by referring to a potential co-defendant being released from jail without charges, and by comparing the investigating detectives’ veracity to that of a former Broward County sheriff who went to prison.
 
 See Bigham v. State,
 
 995 So.2d 207, 214 (Fla.2008) (“We have long held that argument on matters outside the evidence is improper.”). Trial counsel also improperly told the jury, “I wouldn’t want it on my conscience to convict anyone of a crime.”
 
 See Duque v. State,
 
 460 So.2d 416, 418 (Fla. 2d DCA 1984) (improper to comment, “If that woman goes to jail that is on my conscience.”). Because of trial counsel’s improper arguments, the trial court had to give three curative instructions to the jury. At one point, the court at sidebar had to warn trial counsel that his conduct might result in a Florida Rule of Criminal Procedure 3.850 motion. At another sidebar, the court warned trial counsel, “[Y]ou have to think ahead when you make your arguments, because you are creating issues, with regards to an appeal later on.”
 

 We are troubled by the number of issues regarding trial counsel’s performance. However, without trial counsel’s input, we remain hesitant to find from the face of the record alone that trial counsel’s actions “fell below an objective standard of reasonableness.”
 
 Strickland v. Washington,
 
 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”
 
 Id.
 
 at 690. We find that the more “appropriate place to raise a claim of ineffective assistance of trial counsel is a Florida Rule of Criminal Procedure 3.850 motion.”
 
 Alexander v. State,
 
 32 So.3d 716, 717 (Fla. 4th DCA 2010). At a hearing on such a motion, a fair assessment of attorney performance may be made “to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.”
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. Inquiry into counsel’s thought process and conversations with the defendant may be critical to a proper assessment of counsel’s litigation decisions.
 
 Id.
 
 at 691,104 S.Ct. 2052.
 

 Thus, although we affirm the defendant’s conviction in this appeal, our affir-mance is without prejudice to the defen
 
 *1081
 
 dant filing a motion for postconviction relief for ineffective assistance of counsel pursuant to Florida Rule of Criminal Procedure 3.850.
 

 Affirmed.
 

 CIKLIN, J., and COX, JACK S., Associate Judge, concur.