LaROSE, Judge.
 

 Raymond Weldon Marston appeals his convictions and sentences for aggravated battery with great bodily harm, kidnapping, three counts of sexual battery using force causing injury, and attempted robbery.
 
 See §§
 
 784.045(1)(a)(1); 787.01(l)(a)(2); 794.011(3); 812.13(1), (2)(c), Fla. Stat. (2007). We affirm the convictions and sentences but write to dis
 
 *73
 
 cuss Mr. Marston’s prosecutorial misconduct claim.
 

 During jury selection, the following exchange occurred:
 

 [PROSECUTOR]:.... You can’t hold it against Mr. Marston or his attorneys if they sit there and play dominoes the whole time. Do you understand that? [VENIRE MEMBER]: Kind of. So you will be talking the whole time to prove that he’s guilty?
 

 [PROSECUTOR]: Exactly. Exactly. Because it is the State of Florida’s burden and everybody has this right. You are presumed innocent until I prove that you are guilty.
 

 So like I said, Mr. Marston can sit there and not say a word. He can read magazines. He could bring in a laptop and play on Facebook all day long if he wanted to, and you cannot hold that against him. Do you understand? Does everyone understand that?
 

 [[Image here]]
 

 And I touched upon Mr. Marston doesn’t have to say a word. He doesn’t have to say a single word this whole trial. You may not even hear [Mr. Mar-ston’s] voice at all because I can’t put him on the stand.
 

 This comment elicited questions from and discussion with another juror:
 

 [VENIRE MEMBER]: So he doesn’t have to be here?
 

 [[Image here]]
 

 [PROSECUTOR]: He has a right to stay completely quiet. It’s my job to prove this case.
 

 [VENIRE MEMBER]: But he can talk?
 

 [PROSECUTOR]: He can if he wants to.
 

 [VENIRE MEMBER]: His people, they can talk for him?
 

 [PROSECUTOR]: They can do whatever they feel is appropriate. Like I said, they may want to put him on the stand. Do you have a problem with that?
 

 [VENIRE MEMBER]: No.
 

 [[Image here]]
 

 [PROSECUTOR]: You would hold me to my burden and make sure it is only to this table that you look to for the evidence; do you understand that?
 

 [VENIRE MEMBER]: They can’t give any evidence?
 

 [PROSECUTOR]: I’m sure the defense will probably go into that a little more.
 

 [DEFENSE COUNSEL]: Judge, I object. May we approach?
 

 Defense counsel requested a curative instruction because the prosecutor was improperly commenting on Mr. Marston’s right to remain silent: “Basically, Judge, I think I see where [the prosecutor] is going with this, but this guy is getting confused, and he’s going to ask us to address his right to remain silent. Can the court give[ ] some kind of curative that he has a right to remain silent because this guy is getting the wrong idea?” The trial judge denied the request. Instead, the judge directed the prosecutor, “Make clear to him [the juror] that they [the defense] have no obligation.” The prosecutor returned to discussing Mr. Marston’s right to remain silent. A venire member continued to express concern, saying: “So he will not explain his position at all as far as — he would just remain silent?” The prosecutor asked the juror whether she accepted that “Mr. Marston has the absolute right to keep his mouth shut this entire time.” She responded, “No.” The prosecutor answered, “Okay. And the defense will probably get into that a little more with you. Anyone else feel the same way?”
 

 Mr. Marston argues that the trial court abused its discretion in refusing to give a
 
 *74
 
 curative instruction.
 
 [1]
 
 The State contends that the prosecutor’s remarks were not improper and that any error in denying a curative instruction was harmless.
 

 The prosecutor’s remarks were improper. They are remarkably similar to the improper remarks in
 
 Varona v. State,
 
 674 So.2d 823, 824 (Fla. 4th DCA 1996):
 

 Now, you understand obviously that the defendant has a right to remain silent ... [I]f the defendant does decide to testify, and he doesn’t have to do anything. He could sit there and play crossword puzzles as long as he behaves himself. [I]f the defendant were to choose to testify, were to give a statement, would you look at his testimony as you would the testimony of any other witness or person?
 

 [[Image here]]
 

 And you understand he doesn’t have to do anything in a criminal case. He doesn’t have to even say one word and that’s his right, okay? ... You understand I can’t comply [sic] the defendant to take the witness stand either. So I can’t call him as a witness for any reason. ...
 

 Any remark “fairly susceptible” of interpretation as a comment on the defendant’s failure to testify is an impermissible constitutional violation, and even cursory references to it during voir dire are improper.
 
 Id.
 
 at 825.
 

 However, we find no reasonable possibility that the failure to give a curative instruction affected the verdict.
 
 See Hitchcock v. State,
 
 755 So.2d 638, 643 (Fla.2000) (“Any error in prosecutorial comments is harmless if there is no reasonable probability that those comments affected the verdict.” (citing
 
 King v. State,
 
 623 So.2d 486, 487 (Fla.1993)). Comment on a defendant’s right to remain silent, inferring that he has any burden to prove his innocence, potentially can affect a verdict in two ways. First, the jury may infer guilt because the defendant did not take the stand. Second, the comment on silence may have a coercive effect on the defendant, who decides he had better testify, when otherwise he may have chosen to remain silent.
 

 The former situation presented itself in
 
 Varona.
 
 The evidence as to the robbery was “strong, but not ‘clearly conclusive,’ ” and the victim did not identify the appellant in court as her assailant. 674 So.2d at 825. Here, however, the evidence was stronger. Mr. Marston’s DNA matched DNA found on the victim’s breast. The victim’s description of her assailant matched Mr. Marston, including a protruding Adam’s apple, a scabbed patch she had felt on top of his head, long thinning hair, and facial scruff. She identified him from a photopack and said she was seventy-five percent sure he was her attacker.
 

 Andrews v. State,
 
 443 So.2d 78 (Fla.1983), illustrates the second way that comment on a defendant’s right to remain silent can affect a verdict. In
 
 Andrews,
 
 the trial court refused a cautionary instruction after the prosecutor’s comment on the defendant’s right to remain silent, and the appellant decided to testify on his own behalf.
 
 Id.
 
 at 83. The supreme court reversed and remanded for a new trial, concluding that the comment on silence may have had a coercive effect on the appellant.
 
 Id.
 
 at 85;
 
 see also Harrell v. State,
 
 647 So.2d 1016, 1018 (Fla. 4th DCA
 
 *75
 
 1994) (same). In contrast here, the possibility of coercion to testify is absent; Mr. Marston remained silent.
 

 Although the trial judge declined to give a formal curative instruction, he directed the prosecutor to make it clear to the jurors that the defense had no burden of proof. And, the trial judge instructed the jury before deliberating that they must not be influenced in any way by Mr. Martson’s decision not to testily. We must assume that the jury followed these instructions.
 
 See Crain v. State,
 
 894 So.2d 59, 70 (Fla.2004) (citing
 
 Burnette v. State,
 
 157 So.2d 65, 70 (Fla.1963)). Under these circumstances, we cannot say that the trial court abused its discretion in denying a curative instruction.
 

 Affirmed.
 

 SILBERMAN, C.J., and NORTHCUTT, J., Concur.
 

 [1]
 

 . The State claims that this issue is not preserved because Mr. Marston failed to move for a mistrial. However, a defendant is not required to move for a mistrial to preserve this issue for appeal where the objection is overruled.
 
 Holton v. State,
 
 573 So.2d 284, 288 (Fla.1990).