CANADY, J.,
dissenting.
Because I conclude that there is no basis for this Court to exercise jurisdiction, I would discharge this • case. I therefore dissent.
Contrary to the view adopted by the majority, the decision of the Second District Court in Marston v. State, 79 So.3d 72 (Fla. 2d DCA 2011), does not expressly and directly conflict with Varona v. State, 674 So.2d 823 (Fla. 4th DCA 1996). In Marston, the defendant appealed “his convictions and sentences for aggravated battery with great bodily harm, kidnapping, three counts of sexual battery using force causing injury, and attempted robbery.” 79 So.3d at 72. After concluding that the prosecutor’s comments during voir dire regarding Marston’s right to remain silent were improper, the Second District held that the error was harmless. Marston, 79 So.3d at 74. The Second District went on to explain why the error was harmless in Marston even though the Fourth District Court concluded that similar comments were not harmless in Varona. The Second District stated that in Varona
[t]he evidence as to the robbery was “strong, but not ‘clearly conclusive,”’ and the victim did not identify the appellant in court as her assailant. [Varona,] 674 So.2d at 825. Here, however, the evidence was stronger. Mr. Marston’s DNA matched DNA found on the victim’s breast. The victim’s description of her assailant matched Mr. Marston, including a protruding Adam’s apple, a scabbed patch she had felt on top of his head, long thinning hair, and facial scruff. She identified him from a photo-pack and said she was seventy-five percent sure he was her attacker.
Marston, 79 So.3d at 74. The court also pointed out that the trial judge instructed the jury that they were not permitted to be influenced by Marston’s decision not to testify even though the trial judge did not provide the formal curative instruction requested by the defense. Id. at 75. Therefore, the Second District concluded that the error was harmless based on facts specific to Marston’s case.
In Varona, the Fourth District relied on facts specific to Varona’s case to conclude that similar improper statements by the prosecutor were harmful and required reversal. The Fourth District explained that “[i]n this case, the evidence as to the rob *575 bery was strong, but not ‘clearly conclusive.’ The victim of the robbery did not identify appellant as her assailant in court. From the time of his arrest, appellant protested his innocence.” Varona, 674 So.2d at 825 (citations omitted). Varona involved an appeal of the defendant’s convictions for “robbery, possession of cannabis and resisting arrest without violence” and the Fourth District’s opinion does not indicate that the State presented DNA evidence in support of its case. Id. at 824-25. Further, the district court concluded that the State failed to adequately address whether the error was harmless. “The one page of the state’s brief addressed to this point d[id] not attempt to make the showing required by DiGuilio other than to assert in conclusory fashion that the error was harmless.” Id. at 826.
Both Marston and Varona involved fact-specific determinations of whether or not the prosecutor’s comments constituted harmful error. Most significantly, in Va-rona the defendant was not linked to the alleged criminal conduct by DNA evidence. In Marston, however, where the defendant was convicted of three counts of sexual battery, the defendant’s “DNA matched DNA found on the victim’s breast.” Marston, 79 So.Bd at 74. Accordingly, Marston and Varona are factually distinguishable and do not provide a basis for exercising this Court’s jurisdiction.
POLSTON, C.J., concurs.