DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEXTER DUKES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1851

[February 18, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 2011CF000944AXX.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Angela E. Noble, Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

Dexter Dukes ("Defendant") was convicted of first-degree murder with a firearm. On appeal, Defendant argues that his trial counsel was ineffective on the face of the record for failing to move to sever the trial where evidence was presented that his co-defendant threatened a witness while the two were in adjoining holding cells. We affirm.

Defendant was charged with the killing of James Demps. The evidence at trial established that, on the night of the murder, Defendant was with his co-defendant, Kareem Williams. Eyewitnesses to the events immediately preceding and following the shooting placed Defendant and his co-defendant in a car that was spotted near the scene of the crime. There was one eyewitness, a young girl, to the actual shooting. Although she initially told officers she did not see anyone that night, she later changed her story and identified Defendant and his co-defendant as the shooters.

The event that gives rise to the issue on appeal occurred on the second day of trial. The prosecutor came forward with evidence that the co-

defendant had threatened one of the witnesses while the two were in adjoining holding cells that morning. Before the witness testified about the threat, the trial judge—at the request of Defendant's counsel—gave an instruction to the jury. The limiting instruction informed the jury that the witness's testimony regarding the threat applied to only the co-defendant, and not Defendant.[1] The trial judge repeated the same instruction at two other points during the trial. Defendant's counsel never moved to have his client's trial severed from that of the co-defendant.

On appeal, Defendant maintains that, in light of the testimony regarding the co-defendant's threat, trial counsel's failure to move to sever his trial was ineffective assistance of counsel on the face of the record. *See Hills v. State*, 78 So. 3d 648, 652 (Fla. 4th DCA 2012) (observing that a claim of ineffective assistance of counsel is generally not raised on direct appeal, but noting an exception to this rule applies in situations "'when the claimed ineffectiveness is apparent on the face of the record'") (quoting *Kidd v. State*, 978 So. 2d 868, 869 (Fla. 4th DCA 2008)). We disagree with Defendant's argument that trial counsel's ineffectiveness is apparent from the face of the record on appeal. *See Johnson v. State*, 720 So. 2d 232, 236 (Fla. 1998) (finding that trial court did not abuse discretion in failing to grant motion to sever where corrections officer testified that one co-defendant possessed a handcuff key while incarcerated; any prejudice to defendant was cured by an instruction which sufficiently limited the testimony to that co-defendant). Of course, our affirmance is "without prejudice to the defendant filing a motion for postconviction relief for ineffective assistance of counsel pursuant to Florida Rule of Criminal Procedure 3.850." *Jean v. State*, 41 So. 3d 1078, 1080–81 (Fla. 4th DCA 2010).

*Affirmed.*

MAY and KLINGENSMITH, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] "Ladies and gentlemen, testimony concerning issues that happened yesterday regarding the witness, Donte Adams, and the Defendant, Kareem Williams, are going to be presented. This evidence applies only to Defendant Kareem Williams and should not be considered at all against the Defendant Dexter Dukes. The evidence is not applicable to the Defendant Dexter Dukes."