# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3213
LT Case No. 2017-303704-CFDB

_____

CHRISTOPHER OWENS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


3.850 Appeal from the Circuit Court for Volusia County.
Leah R. Case, Judge.

Christopher Owens, Daytona Beach, pro se.

James Uthmeier, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.

April 11, 2025


LAMBERT, J.

    Christopher Owens appeals the denial of his amended motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850 in which he raised seven claims of ineffective assistance of his trial counsel, plus a cumulative error claim. We affirm, without discussion, the denial of all but ground four of the amended motion. For the following reasons, we reverse the

postconviction court's denial of this ground and remand for further proceedings.

## I.

Owens was convicted by a jury of sexual battery by a person eighteen years of age or older on a person eighteen years of age or older and of committing a battery on a second victim. Owens was sentenced to serve fifteen years in prison as a Prison Releasee Reoffender for the sexual battery conviction and to a concurrent time-served jail sentence for the battery. This court affirmed Owens's judgment and sentences per curiam without a written opinion.[1] *Owens v. State*, 282 So. 3d 108 (Fla. 5th DCA 2019).

## II.

In ground four of his amended motion for postconviction relief, Owens alleged that his trial counsel was ineffective for failing to object to various comments made by the prosecutor during voir dire that Owens contended improperly and unfairly commented on his Fifth Amendment right under the United States Constitution to remain silent.[2] *See* amend. V, U.S. Const. ("No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."); *see also Griffin v. California*, 380 U.S. 609, 615 (1965) (holding that the Fifth Amendment, in its direct application to the Federal Government and its bearing on the States by reason of the Fourteenth Amendment, forbids comment on the accused's silence).[3] Owens averred that he was prejudiced by his counsel's conduct, asserting that but for his counsel's inaction, there was a reasonable probability that he would not have been convicted.

---

[1] Commonly referred to as a "PCA."

[2] Owens ultimately chose not to testify at his trial.

[3] Article I, section 9 of the Florida Constitution similarly provides that no person shall be compelled in any criminal matter to be a witness against oneself.

To prevail on this claim, Owens had to establish that his counsel's performance was outside the wide range of reasonable professional assistance and that such conduct prejudiced the outcome of the proceedings because, absent counsel's deficient performance, there is a reasonable probability that the outcome would have been different. *See Lynn v. State*, 286 So. 3d 357, 359 (Fla. 1st DCA 2019) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 691–92 (1984); *Spencer v. State*, 842 So. 2d 52, 61 (Fla. 2003)).

Ground four of Owens's amended motion was summarily denied by the postconviction court. Rule 3.850(f) permits a legally sufficient ground for postconviction relief to be summarily denied if it can be conclusively resolved either as a matter of law or by reliance upon the records in the case. When the summary denial is based on the record in the case, this rule requires the court to attach to its denial order a copy of that portion of the files and records that conclusively shows that the defendant is not entitled to relief.

Appellate review of the summary denial of a Rule 3.850 claim is de novo. *State v. Coney*, 845 So. 2d 120, 137 (Fla. 2003).

III.

The postconviction court did attach court records to its order in denying ground four. Specifically, the court attached four pages from the trial transcript where, during voir dire, the prosecutor asked the panel if anyone would hold it against Owens if he chose not to testify.

One prospective juror responded that she might, explaining that if Owens did not want to testify, this could indicate that he had something to hide. The prosecutor expanded on this response, asking the prospective jurors if they could think of other reasons why someone might not want to testify. This led to comments that a defendant may choose not to testify because they do not have the best social skills or could otherwise not communicate effectively. The prosecutor then volunteered that a defendant's "body language" and the avoidance of exposing oneself to cross-examination may be other reasons that a defendant may choose

3

not to testify. Finally, the prosecutor suggested another explanation for a defendant choosing not to testify could be upon "advice of counsel."

Following this last comment, and before receiving a response from the panel, the prosecutor then asked one prospective juror which party had the burden of proof in a criminal case. The juror answered that it was the defendant. The prosecutor promptly corrected this notion, reminding that the defendant and his counsel "had no burden of proof whatsoever." Then, the prosecutor said that while Owens had a "good criminal defense attorney", the "[attorney] could put her feet up and play on her phone for the entire trial", although the prosecutor thought it doubtful that defense counsel would proceed in such a fashion.

This portion of the trial transcript pertinent to the postconviction court's denial of ground four concluded with the prosecutor returning to two of the prospective jurors by asking whether they would hold it against Owens if he chose not to testify or if "they did not hear the other [Owens's] side." The transcript does not reflect the response.

Owens's trial counsel raised no objections to any of these comments made by the prosecutor. In denying ground four of the amended motion, the postconviction court found that counsel was not ineffective for failing to object "when doing so would have both been improper and would have been ill-advised as the [prosecutor] was ensuring [that Owens] had a fair trial."

Owens has timely appealed.

IV.

In arguing here for reversal of the denial of ground four, Owens relies heavily upon the Florida Supreme Court's opinion in *Marston v. State*, 136 So. 3d 563 (Fla. 2014). The court had accepted jurisdiction to resolve conflict between *Marston v. State*, 79 So. 3d 72 (Fla. 2d DCA 2011), and *Varona v. State*, 674 So. 2d 823 (Fla. 4th DCA 1996), explaining that its task was to decide whether, during voir dire, the prosecutor impermissibly commented on the defendant's constitutional right to remain silent

4

and, if so, whether the comments were harmless beyond a reasonable doubt. *Marston*, 136 So. 3d at 565.

The opinion outlined the various comments made by the prosecutor during voir dire. *Id.* at 565–67. The court observed that the prosecutor emphasized to the prospective jurors that it was his burden to prove the case and that the defendant did not have to prove a thing. *Id.* at 565. To illustrate this principle, the prosecutor told the jury that the defendant could "sit there," "play dominoes," "read magazines," "bring in a laptop and play on Facebook all day long," and not say a word, and that the jury could not hold that against him. *Id.* The prosecutor pointed out that the jury "may not even hear [the defendant's] voice at all" because the prosecutor could not put the defendant on the stand, and the prosecutor inquired if the panel understood this. *Id.* at 565–66. The prosecutor then advised the prospective jurors that the defendant could talk if he wanted to, but he had the absolute right to remain silent and that it was up to the defendant and his attorney to do whatever they deemed appropriate. *Id.* at 566–67.

Defense counsel, unlike in the present case, objected to this line of inquiry and requested a curative instruction. *Id.* at 566. The trial court overruled the objection and declined to give a curative instruction, but directed the prosecutor to make clear to the jurors that the defense had no burden of proof. *Id.*

After the jury was selected, and with consent of defense counsel, the trial court instructed the jury using Florida Standard Jury Instruction in Criminal Cases 2.1 as follows:

> In every criminal proceeding the defendant has the absolute right to remain silent. At no time is it the duty of a defendant to prove his innocence. From the exercise of a defendant's right to remain silent, a jury is not permitted to draw any inference of guilt, and the fact that a defendant did not take the witness stand must not influence your verdict in any manner whatsoever.

*Id.* at 567.

5

Following his convictions on numerous felonies, the defendant appealed to the Second District Court of Appeal, arguing that the trial court abused its discretion in failing to give a curative instruction. *Marston*, 79 So. 3d at 73–74. The State responded that the prosecutor's comments were not improper but that error, if any, in not giving the curative instruction was harmless. *Id.* at 74.

The Second District did conclude that the prosecutor's remarks were improper, additionally observing that they were "remarkably similar" to the following remarks found to be improper by the Fourth District in *Varona*:

> Now, you understand obviously that the defendant has a right to remain silent . . . [I]f the defendant does decide to testify, and he doesn't have to do anything. He could sit there and play crossword puzzles as long as he behaves himself. [I]f the defendant were to choose to testify, were to give a statement, would you look at his testimony as you would the testimony of any other person or witness?
>
> . . . .
>
> And you understand he doesn't have to do anything in a criminal case. He doesn't have to even say one word and that's his right, okay? . . . You understand that I can't comply [sic] the defendant to take the witness stand either. So I can't call him as a witness for any reason . . . .

*Marston*, 79 So. 3d at 74 (alterations in original) (quoting *Varona*, 674 So. 2d at 825).

The Second District, however, found that there was no reasonable possibility that the trial court's failure to give a curative instruction affected the verdict. *Id.* (citation omitted). The court observed that the evidence against the defendant was stronger than that in *Varona, Marston,* 79 So. 3d at 74, where the Fourth District had found that the trial court's error in overruling defense counsel's objection to the above comments had not been shown by the State to be harmless beyond a reasonable doubt.

6

*Varona*, 674 So. 2d at 825–26. The Second District further observed that the trial judge had instructed the jury before their deliberations that they were not to be influenced in any way by the defendant's decision not to testify, and that it "must assume that the jury followed these instructions." *Marston*, 79 So. 3d at 75 (citation omitted). The defendant's convictions and sentences were affirmed. *Id.*

As previously indicated, the Florida Supreme Court accepted jurisdiction to resolve what it found to be conflict between *Marston* and *Varona*. In its analysis of whether the prosecutor's comments during voir dire improperly infringed on the defendant's constitutional right to remain silent, the court reminded that Florida had adopted a "very liberal rule" for determining whether a comment constituted a comment on silence. *Marston*, 136 So. 3d at 569 (quoting *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986)). In particular, the rule is that "[a]ny comment on, or which is fairly susceptible of being interpreted as referring to, a defendant's failure to testify is error and is strongly discouraged." *Id.* at 569–70 (quoting *Rodriguez v. State*, 753 So. 2d 29, 37 (Fla. 2000)).

The court agreed with the Second District that the remarks by the prosecutor during voir dire were improper. *Id.* at 570. It found that the comments demeaned the defendant's constitutionally protected right to remain silent, and it concluded that the trial court erred by not sustaining defense counsel's objection and in thereafter refusing to give a curative instruction. *Id.*

The court then turned its attention to whether the prosecutor's comments were harmless error. *Id.* at 571 (quoting *DiGuilio*, 491 So. 2d at 1137 ("[C]omments on a defendant's silence are subject to a harmless error analysis." (alteration in original))). Under this test, the burden to show that the error was harmless is on the State; and if an "appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful." *Id.* (quoting *DiGuilio*, 491 So. 2d at 1138–39).

7

As part of its harmless error analysis, the court contextually observed that "[a] comment on the right to remain silent strikes at the heart of our criminal justice system," that "[c]ommenting on a defendant's failure to testify is a serious error," and that "[c]omments on silence are high risk errors because there is a substantial likelihood that meaningful comments will vitiate the right to a fair trial." *Id.* (first quoting *Ventura v. State*, 29 So. 3d 1086, 1088 (Fla. 2010); then quoting *State v. Kinchen*, 490 So. 2d 21, 22 (Fla. 1985); and then quoting *DiGuilio*, 491 So. 2d at 1136).

The court then acknowledged that the trial court had given a preliminary instruction to the jury that if the defendant chose not to testify, it must not draw any inference of guilt and it must not influence the verdict, and that the jury was also instructed prior to its deliberations that it must not view the defendant having not testified as an admission of guilt, or to be in any way influenced by the defendant's decision. *Id.* at 572. The court nevertheless found the prosecutor's voir dire comments to be so prejudicial that these instructions did not cure the harm. *Id.*

The court next observed that while the evidence offered by the State against the defendant at trial was "strong," the "harmless error analysis is *not* an 'overwhelming-evidence test.'" *Id.* (quoting *Ventura*, 29 So. 3d at 1089). Concluding that, in light of the prosecutor's impermissible comments, the State had not proved that the trial court's error was harmless beyond a reasonable doubt, the court quashed the Second District's decision in *Marston* and approved the Fourth District's decision in *Varona*. *Id.* at 573–74.

V.

Returning to the instant case, viewing the postconviction court's summary denial of ground four of Owens's amended motion through the prism of *Marston*, which includes our comparison of the comments made by the prosecutor here during voir dire with those made by the prosecutors in *Marston* and *Varona*, we conclude that the four pages from the record pertinent to ground four that were attached to the denial order do not conclusively refute Owens's claim as required under Florida Rule of Criminal Procedure 3.850(f) for a summary denial. To the extent that the postconviction court's observation that it would have been

8

"improper" and "ill-advised" for defense counsel to have objected to the prosecutor's comments is a conclusion of law, we disagree, as the analysis in *Marston* suggests otherwise.

To be clear, we do not hold that Owens is entitled to a new trial. "[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by doing so can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 11 (1985). To obtain relief under *Strickland*, a defendant must show a reasonable probability that the result of the trial would have been different absent counsel's deficient performance. 466 U.S. at 687, 694. But we are unable to conduct a prejudice analysis under *Strickland* based on this limited record.

On a final note, we are mindful of the postconviction court's observation that the prosecutor's comments here were made with the purpose of ensuring that Owens received a fair trial. Even if that is true, nonetheless, twenty-five years ago, the Florida Supreme Court issued a caveat that "strongly caution[ed] prosecutors against making comments that may be interpreted as comments on the defendant's failure to testify or that impermissibly suggest a burden on the defendant to prove his or her innocence." *Rodriguez*, 753 So. 2d at 39. Moreover, as discussed in *Varona*—which, as previously indicated, was approved by the Florida Supreme Court in *Marston*—because of the common belief among prospective jurors that the innocent have nothing to hide, it is important for a court to remain vigilant in protecting the right of the defendant to remain silent "against devaluation by innuendo or faint praise." 674 So. 2d at 825. Significantly, the Fourth District Court observed that during voir dire, "it is a defendant's prerogative—not the prosecutor's—to first broach with potential jurors the sensitive area of not taking the witness stand," noting this preference is also reflected in Florida's Standard Jury Instructions in Criminal Cases where the charge to the jury on the defendant's right to remain silent is given "if the defendant requests."[4] *Id.*

---

[4] *See* Fla. Std. Jury. Instr. (Crim.) 2.1, 3.9(a).

Our opinion today, with the detailed discussion of the Florida Supreme Court decision in *Marston*, hopefully serves as a cautionary reminder to prosecutors regarding commenting during voir dire on a defendant's right to remain silent or burden to prove innocence.[5]

Accordingly, we reverse the summary denial of ground four of Owens's amended motion and remand for the postconviction court to either attach additional records to its denial order that conclusively show that Owens is not entitled to relief or to hold an evidentiary hearing on this claim.

AFFIRMED, in part; REVERSED, in part; and REMANDED with directions.

MAKAR and EISNAUGLE, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[5] We do not hold that every comment made by a prosecutor in voir dire on a defendant's right to remain silent is always inappropriate. *See Grieve v. State*, 731 So. 2d 84, 84 (Fla. 4th DCA 1999) (distinguishing *Varona* and affirming the appellant's conviction for manslaughter where prosecutor did not first broach the issue of a defendant's right to remain silent and, in response to a potential juror's statement that he would probably have to hear from the defense, referred to the trial judge's earlier unobjected-to instruction on the defendant's right to remain silent without misstating the law or devaluing the right by innuendo or faint praise).