# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0654
Lower Tribunal No. F23-653
_____

**Archie Lee Smith,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before EMAS, LOGUE, and BOKOR, JJ.

PER CURIAM.

Archie Lee Smith appeals his conviction and sentence for felony battery. He contends the trial court erred during voir dire by making confusing comments that diminished the standard of reasonable doubt and the presumption of innocence. His complaint stems from the trial court's expansion on the language of the standard jury instructions to explain the concepts of reasonable doubt and the presumption of innocence. In doing so, the trial court launched into a metaphor that became more extended as it progressed, involving a cardboard box, a cat, a mouse that disappeared, the possibility of a hole in the box, a Harry Potter invisibility cloak, the Starship Enterprise, and a big bowl. In light of the trial court's discretion in this area and considering the trial court's careful response to comments by one juror that possibly indicated the juror misunderstood the extended metaphor, we find no reversible error.

Although we find no reversible error, we again caution trial courts to carefully weigh the benefits and detriments of expanding beyond the concise and carefully formulated language of the standard jury instructions.

As we indicated in an earlier case rejecting a challenge to a similar extended metaphor:

> We hasten to add, however, that while a trial judge is tasked with explaining to jurors the law they are to apply, the trial judge should rely upon, and seldom stray from, Florida's Standard Jury Instructions. This should not be interpreted as prohibiting a trial

2

judge from using a hypothetical that properly explains the law, but due care must be taken in the process. In the instant case, the trial judge, after reading the instruction on reasonable doubt, used examples that included a cat eating a mouse in a box, a Star Trek transporter, and a Harry Potter spell. Such remarks carry the potential for confusion, a danger heightened by the fact that the remarks emanate from the bench. Trial judges must be ever mindful "that the high position which a judge holds in the scheme of the trial magnifies, in the minds of the jurors, the meaning of comments by the judge, to which he himself may not attach particular importance." Kellum v. State, 104 So. 2d 99, 104 (Fla. 3d DCA 1958).

Warren v. State, 307 So. 3d 871, 872 (Fla. 3d DCA 2020) (footnote omitted).

As our sister court recognized in Daymon v. State, 744 So. 2d 581 (Fla. 2d DCA 1999), even when acting with the best of intentions, a trial judge's improvisation may inadvertently inject reversible error into a jury trial. In Daymon, the trial judge gave the standard preliminary instructions to the jury. Id. at 582. However, and as the Second District opinion further explained:

Although she followed the Florida Supreme Court's prescribed instructions, the trial judge presented the instructions in a conversational manner rather than reading the instructions by rote. In her attempt to enhance the clarity of the instructions, she commented:

I would ask each of you not to form any definite or fixed opinion about this case. As in most things that you've heard all your life-every once in a while there's some truth in all those homilies that you have heard growing up-and that one about being two sides of every story is certainly true in a criminal justice setting. And for that reason I would ask that you please not form any opinions on the merits of the case until you have heard all of the evidence, the

3

> arguments of the lawyers and the instructions that I will give you on the law. . . .

Id.

Although the Second District affirmed upon a finding that, in context of the entirety of the instructions, the trial judge's comment was not prejudicial, it nonetheless urged "extreme caution when deviating from the approved standard jury instructions. Under other circumstances, such an innocent and well-intended statement could result in potential prejudice." Id.

We echo our sister court's admonition, as well as our prior admonition in Warren. Given what's at stake in a criminal trial—for the defendant, for the alleged victim, for the other participants, and for the general public—trial judges must exercise vigilance and great caution before resorting to hypotheticals, homilies, or metaphors in an effort to "clarify" standard jury instructions.

Affirmed.

4