SHAW, Justice.
The following question has been certified as being of great public importance:
Has the Supreme Court of Florida, by its agreement in State v. Murray, 443 So.2d 955 (Fla.1984), with the analysis of the supervisory powers of appellate courts as related to the harmless error rule as set forth in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), receded from the per se rule of reversal explicated in Harris v. State, 438 So.2d 787 (Fla.1983), David v. State, 369 So.2d 943 (Fla.1979), and Trafficante v. State, 92 So.2d 811 (Fla.1957)?
Grissom v. State, 469 So.2d 151, 153 (Fla. 3d DCA 1985). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Grissom was charged with aggravated battery for intentionally pouring hot grease on his wife, causing severe burns. During the defense cross-examination of Mrs. Gris-som at trial, counsel asked her a second time whether she had spoken with the prosecutor regarding her testimony. The trial court sustained the state’s objection, stating:
Yes, it was asked and answered before. No need to emphasize it a second time.
It’s perfectly proper for the witness to discuss her testimony with the State Attorney as well as it is for your client to discuss his testimony with you, and you may proceed.
Defense counsel requested a side bar and then moved for a mistrial. The trial court denied the motion, but stated that he would give a curative instruction. The trial court, *1325 over defense counsel’s objection, instructed the jury as follows:
Ladies and gentlemen, as I just told you, it is entirely proper for a prosecutor to discuss with the witness the testimony that they are going to give at time of trial. There is nothing wrong with this.
I also told you that it’s proper for ... [the defense attorney] to discuss with his client, the defendant, in any case, whatever testimony if there is going to be any testimony or any of the facts of the case so that they can defend the defendant properly, but at no time — I told you this also — is the defendant required to take the witness stand. The defendant need not prove anything and if the defendant does not take the witness stand, you are not [to] hold that against the defendant. I told you that before and I tell you that again.
The defendant did not testify, and the jury found him guilty of the lesser included crime of battery. The district court reversed, finding that the trial court’s comments were “fairly susceptible of being interpreted by the jury as referring to the defendant’s exercise of his right to remain silent.” Grissom, 469 So.2d at 152.
We recently reaffirmed the fairly susceptible test. State v. Kinchen, 490 So.2d 21 (Fla.1985). In Kinchen we stated:
David does not define “fairly” susceptible. A dictionary definition of “fairly,” however, is “[i]n a fair manner; equitably; justly; legitimately; without unfair advantages; ... [plainly; clearly; distinctly.” Webster’s New International Dictionary 911 (2d ed. 1956).
490 So.2d 28.
We disagree with the district court’s assessment of the trial court’s statements in the present case. We find that they were not fairly susceptible of being interpreted by the jury as referring adversely to the defendant’s failure to testify. Taken in context, it is evident that the trial court’s first statement was to inform the jury that, contrary to defense insinuation, it is perfectly proper for both sides to discuss the case with prospective witnesses.
The trial court had previously given preliminary instructions to the jury panel, during which it paraphrased without objection Florida Standard Jury Instruction (Criminal) 1.01 * on the defendant’s right to remain silent as follows:
The defendant never has any burden of any kind. The defendant has a right to sit there and never say a word. Indeed, his lawyer never has to say a word. All they have to do is just stay there and never utter one word in a trial, although I have yet to see a trial where the defense lawyer hasn’t said one or two things somewhere along the line, but it is possible. They don’t have to.
You are not to say to yourselves, well, gee, they don’t say anything. There is something wrong. There’s nothing wrong. The duty must first come upon the state to prove the guilt of this defendant beyond and to the exclusion of a reasonable doubt.
The curative instruction certainly was no more of a comment than the preliminary instruction and no more objectionable. It simply stated the law.
Moreover, before the jury retired to deliberate the court read verbatim and without objection Standard Jury Instruction 2.04(d):
2.04(d) DEFENDANT NOT TESTIFYING
The constitution requires the State to prove its accusations against the defendant. It is not necessary for the defendant to disprove anything. Nor is the defendant required to prove his innocence. It is up to the State to prove the defendant’s guilt by evidence. *1326 The defendant exercised a fundamental right by choosing not to be a witness in this case. You must not view this as an admission of guilt or be influenced in any way by his decision. No juror should ever be concerned that the defendant did or did not take the witness stand to give testimony in the case.
The curative instruction during trial called less attention to the defendant’s silence than the preliminary and final instructions which went unchallenged.
In view of our disposition of this case, we need not answer the certified question. We note, however, that we recently answered the question in the affirmative in State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The decision of the district court is quashed and this cause is remanded for an affirmance of the battery conviction.
It is so ordered.
McDonald, C.J., and BOYD, OVER-TON and EHRLICH, JJ., concur.
ADKINS, J., dissents.

 Fla.Std.Jury Instr. (Crim.) 1.01 provides:
In every criminal proceeding a defendant has the absolute right to remain silent. At no time is it the duty of a defendant to prove his innocence. From the exercise of a defendant’s right to remain silent, a jury is not permitted to draw any inference of guilt, and the fact that a defendant did not take the witness stand must not influence your verdict in any manner whatsoever.