COPE, Judge.
Defendant Miguel Rosa appeals his conviction for trespass and resisting arrest, claiming improper comment by the court and prosecutor during voir dire of the jury panel. We affirm.
At the start of jury selection, the court gave introductory remarks to the prospective jurors, including the following:
[W]hen you are charged with a crime in our Country, as you know, you are presumed to be innocent. We already talked about that, but you are presumed to be innocent. You don’t have to prove your innocence because you come in here with that presumption. Mr. Rosa does not have to testify. He doesn’t have to call witnesses or present evidence because he is presumed to be innocent. And if [the defense attorneys] want to sit there and play tic tac toe and quietly read the paper, you can’t hold that against them because [the state attorney] is the prosecutor in this case. She has the entire burden of proving guilt beyond a reasonable doubt.
******
And whether or not Mr. Rosa testifies or not is a decision he and his lawyers can only make. But it cannot be held against him in any way. Do all of you promise in spite of what human nature tells you, you are here in court and you will follow the rules we have in court, and you would not hold it against Mr. Rosa in any way if he doesn’t testify, nor would you expect him to testify?
(Tr. 26-28).
Thereafter, the state attorney was permitted to directly question the panel of prospective jurors. During the questioning, one juror indicated that she felt she should hear “both sides of the story.” In response to that comment the state attorney stated:
You said something very interesting there. Hear both sides of the story. Now, the Judge explained something to you that’s very important. And you may not hear both sides of the story because the defendant doesn’t have to say anything. Can you just listen to one side of the story and give a fair and impartial verdict? Because I have the whole burden here. I have to prove the case beyond a reasonable doubt that the defendant did the crimes that he is accused of. Do you think that if you just hear from the state and you don’t hear from the defendant, do you still think you can render a fair verdict?
(Tr. 83). After the juror responded that she would still need to hear both sides the prosecutor then stated: “The Judge is going to instruct you that it’s the Defendant’s Constitutional right that he doesn’t have to say anything.” At that point, defense counsel objected on the basis that the prosecution could not mention that the defendant might not testify and that only the defense could raise the issue.
The trial court overruled the objection, pointing out at sidebar that the prosecutor’s response to the juror accurately stated the law. The court also ruled that defense counsel could make any correction that she desired. Later in voir dire, defense counsel directly asked potential jurors whether they would hold it against defendant if he failed to testify.
*1301 On this appeal defendant claims that he is entitled to a new trial because of the foregoing comments by the court and prosecutor. We disagree.
To begin with, defendant made no objection to the trial court’s statements to the jury. More important, the trial court’s statements constituted an accurate statement of the law. In Lakeside v. Oregon, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978), the Supreme Court ruled that a trial court may advise jurors not to draw an adverse inference from a defendant’s failure to testify. Id. at 339-41, 98 S.Ct. at 1094r-96. The trial court may so instruct the jurors, even if defendant objects to the instruction. Id. The Florida Supreme Court reached a similar conclusion in Andrews v. State, 443 So.2d 78, 84 (Fla.1983), and State v. Grissom, 492 So.2d 1324, 1325 (Fla.1986). The court’s comments brought the issue of defendant’s right not to testify, and the fact that no inference is to be drawn therefrom, to the attention of the jurors prior to any discussion by the prosecution.
Defendant also argues that his objection to the prosecutor’s comment should have been sustained. We disagree. The prosecutor’s comment was made in response to a potential juror’s statement that she would have to hear both sides of the story in order to decide the case. The court had already instructed the potential jurors that if defendant chose not to testify, they could not hold it against him. Examined in that context we do not think the prosecutor’s response to a potential juror’s statement can fairly be viewed as a comment on a defendant’s failure to testify. See Wilson v. State, 293 So.2d 81, 82 (Fla. 3d DCA 1974).
Defendant relies on Varona v. State, 674 So.2d 823, 825 (Fla. 4th DCA 1996), and Harrell v. State, 647 So.2d 1016, 1017 (Fla. 4th DCA 1994), but those cases are factually distinguishable. In Varona, the prosecutor told the jury that the State was not allowed to call defendant to the witness stand. 674 So.2d at 824. This was held to be an impermissible comment on silence. No such thing occurred in the present case.[1]
In Harrell, the prosecutor’s comment during voir dire was the same as the objectionable comment in Andrews, that is, there was no cautionary statement or instruction that the defendant’s failure to testify could not be held against him. Compare Harrell, 647 So.2d at 1018, with Andrews, 443 So.2d at 83-84.[2] .
Affirmed.

. The Varona court said in dictum that "even cursory references during voir dire to the right to remain silent are impermissible.” 674 So.2d at 825. The Varona panel interpreted the Florida Supreme Court opinion in Andrews to so hold. Id. That reading of Andrews is overbroad. As we read Andrews, it allows the issue to be raised by the trial court in opening instructions, even over defendant's objection, so long as there is a "cautionary instruction to the jury not to draw any inference of guilt from the defendant's failure to take the stand in his own defense.” ,‘443 So.2d at 78.

. See supra note 1.