# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1866
LT Case No. 2017-303704-CFDB

_____

CHRISTOPHER OWENS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

3.850 Appeal from the Circuit Court for Volusia County.
Leah R. Case, Judge.

Christopher Owens, Daytona Beach, pro se.

James Uthmeier, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.

April 22, 2026

PER CURIAM.

Christopher Owens timely appeals the postconviction court's final order that summarily denied ground four of his Florida Rule of Criminal Procedure 3.850 amended motion for postconviction relief. This is the second time we are addressing the amended motion. In *Owens v. State*, 408 So. 3d 870, 876–77 (Fla. 5th DCA 2025), we affirmed the postconviction court's denial of all but

ground four of the amended motion. As to ground four, we reversed the court's summary denial; and we remanded for the lower court to either attach additional records to its order to conclusively show that Owens was not entitled to relief or to hold an evidentiary hearing. *Id.*

For the reasons explained below, we reverse the current summary denial of ground four and remand for further proceedings.

I

Owens alleged in ground four of his amended motion that his trial counsel was ineffective for failing to object to various comments made by the prosecutor during voir dire that Owens contended improperly and unfairly commented on his Fifth Amendment right under the United States Constitution to remain silent. Under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), to establish his claim for ineffective assistance of trial counsel, Owens had to show that his counsel's performance was deficient and that he was prejudiced thereby, meaning that a reasonable probability existed that, but for counsel's deficient performance, the result of his trial would have been different.[1]

In its previous denial of ground four, the postconviction court attached to its order four pages from the trial transcript of the prosecutor's voir dire. As discussed in our prior opinion, these pages showed the prosecutor asking the prospective jurors if they would hold it against Owens if he elected not to testify. *Owens*, 408 So. 3d at 872. After receiving a response from a venire member that choosing not to testify may indicate that Owens had something to hide, the prosecutor inquired of the panel if they

---

[1] Owens was convicted by a jury of sexual battery by a person eighteen years of age or older on a person eighteen years of age or older and was sentenced to serve fifteen years in prison as a Prison Releasee Reoffender. Owens was also convicted of committing battery on a second victim and received a "time-served" concurrent jail sentence. Owens's judgment and sentences were affirmed on direct appeal without opinion. *Owens v. State*, 282 So. 3d 108 (Fla. 5th DCA 2019).

could think of other reasons why a defendant might choose to remain silent. *Id.* at 872–73. This led to various comments between the prosecutor and the prospective jurors on why a defendant may elect not to testify, such as the defendant not having the best of social skills, the defendant not communicating effectively, "body language," the avoidance of cross-examination, and upon "advice of counsel." *Id.* at 873.

The records attached to the order then showed the prosecutor advising the panel that Owens and his counsel "had no burden of proof whatsoever" in the case, which the prosecutor attempted to illustrate by noting that Owens's counsel "could put her feet up and play on her phone for the entire trial." *Id.*

The postconviction court found that Owens's counsel had not been ineffective for failing to object to any of the prosecutor's comments during voir dire, concluding that it would have been both "improper" and "ill-advised" for counsel to have done so as the prosecutor was simply "ensuring [that Owens] had a fair trial." *Id.* (alteration in original).

II

In reversing the postconviction court's prior summary denial of ground four, we determined that the limited, four-page record attached to the order caused us to be unable to conduct a prejudice analysis under *Strickland*, nor did the records conclusively refute Owens's claim. *Id.* at 875–76.

We made clear that though we were reversing and remanding on this ground, Owens was not necessarily entitled to a new trial, noting that not every comment made by a prosecutor during voir dire concerning a defendant's right to remain silent was always inappropriate. *Id.* at 876 n.5 (citing *Grieve v. State*, 731 So. 2d 84, 84 (Fla. 4th DCA 1999)). Consistent with this observation, we also quoted from the United States Supreme Court's decision in *United States v. Young*, 470 U.S. 1, 11 (1985), that "[a] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context" because "only by doing so can it be determined

whether the prosecutor's conduct affected the fairness of the trial." *Owens*, 408 So. 3d at 876.

## III

Following our remand, the postconviction court again summarily denied ground four of Owens's amended motion. In addition to the four transcript pages from the prosecutor's voir dire that it had previously attached, the court appended to its present denial order additional transcript pages from the prosecutor's voir dire.

The court explained the significance of these additional records as demonstrating that the prosecutor did not initiate the discussion on Owens's constitutional right to remain silent. Rather, the prosecutor had been inquiring of the prospective jurors' ability to return a guilty verdict based solely on witness testimony when one member of the panel stated that she would need to hear Owens's version of the events. The order described the prosecutor responding that Owens had the right not to testify, the exercise of which could not be held by the jury against him because it was the State's burden to prove its case. And, as outlined earlier, the prosecutor then explained his comments by discussing with the venire the various reasons why a defendant might exercise his or her right not to testify.

The lower court found that Owens was not entitled to relief on ground four as he was "unable to establish that there was a reasonable probability that the prosecutor's error affected [the] verdict." The court explained its ruling that one prospective juror who, after the prosecutor's discussion about a defendant's right to remain silent, maintained that a defendant who chose not to testify may have "something to hide" was excused from the panel for cause and the other prospective jurors collectively agreed they would not hold it against Owens if he did not testify. The postconviction court also attached to its order transcript pages showing where the trial court instructed the jurors, just prior to their deliberations, that Owens had exercised a fundamental right in choosing not to testify, which they were not to consider as an admission of guilt by him and must not influence their verdict.

4

Owens timely appealed.

## IV

Rule 3.850(f)(5)[2] permits a court to summarily deny a legally sufficient ground for postconviction relief based upon the records in the case.  But if it does so, the postconviction court must attach to its denial order a copy of that portion of the records that conclusively shows that the defendant is entitled to no relief.  *Id.* And where, as here, no evidentiary hearing is held, an appellate court is required to accept the defendant's factual allegations in the Rule 3.850 motion, to the extent that the allegations are not refuted by the record.  *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999) (citing *Lightbourne v. Dugger*, 549 So. 2d 1364, 1365 (Fla. 1989)).

Our review of the postconviction court's summary denial of ground four of Owens's Rule 3.850 amended motion is de novo.  *See State v. Coney*, 845 So. 2d 120, 137 (Fla. 2003).

## V

Owens argues, as he did below, that he was prejudiced by his trial counsel's deficient performance in not objecting to the various statements made by the prosecutor during voir dire on his constitutional right to remain silent.  Owens further maintains that the records attached by the postconviction court to the denial order do not conclusively refute this claim.

Florida has "adopted a very liberal rule for determining whether a comment constitutes a comment on silence." *Marston v. State*, 136 So. 3d 563, 569 (Fla. 2014) (quoting *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986)).  To that end, "[a]ny comment on, or which is fairly susceptible of being interpreted as referring to, a defendant's failure to testify is error and is strongly discouraged." *Id.* (quoting *Rodriguez v. State*, 753 So. 2d 29, 37 (Fla. 2000)).

---

[2] Effective January 1, 2026, this subsection of the rule has been renumbered as Rule 3.850(h)(5).

The Florida Supreme Court's decision in *Marston*, cited by the postconviction court in the subject denial order, though it involved a defendant's direct criminal appeal and not, as here, an appeal from the denial of a defendant's Rule 3.850 motion for postconviction relief, is nevertheless informative regarding Owens's claim. The *Marston* court was tasked with deciding whether the prosecutor had impermissibly commented during voir dire on the defendant's constitutional right to remain silent and, if so, whether the error was harmless. *Id.* at 565.

The court observed that the prosecutor first broached the subject of a defendant's right to remain silent with the prospective jurors. *Id.* The prosecutor advised the panel that as it was the State's burden to prove the case, the defendant and his attorneys could "sit there and play dominoes the whole time" and the jury could not hold it against them. *Id.* He further explained that this meant the defendant had the right to remain silent and the State could not call the defendant to testify. *Id.* As a result, the jury may not hear from the defendant "at all" and could not wonder what the defendant might have said had he testified. *Id.* at 565–66. Then, in response to a comment from a venire member, the prosecutor advised that the defendant could talk if he wanted, as defense counsel may choose to put the defendant on the stand. *Id.* at 566.

At this point, defense counsel objected and asked the trial court to issue a curative instruction on the defendant's right to remain silent. *Id.* The trial court declined; instead, it told defense counsel that he could later clarify for the jurors the defendant's right to remain silent. *Id.* The court also directed the prosecutor to make clear that the defendant had no burden of proof. *Id.*

The prosecutor responded by reiterating to the venire that the State had the sole burden of proof and that the defendant had the absolute right to remain silent. *Id.* When asked whether the defendant would "explain his position at all," the prosecutor advised that defense counsel may address this issue further but that one of the rules the jury must accept is that the defendant "has the absolute right to keep his mouth shut the entire time." *Id.* at 567.

6

The Florida Supreme Court found these "extensive remarks iterated by the prosecutor were improper and demeaned [the defendant's] constitutional right to remain silent." *Id.* at 570. It concluded that the trial court erred in not sustaining defense counsel's objection and in refusing to give a curative instruction. *Id.*

Because comments on a defendant's silence may constitute harmless error, *see DiGuilio*, 491 So. 2d at 1137, the court then analyzed whether the trial court's error was harmless. *Marston*, 136 So. 3d at 571. The court first reiterated that "[c]omments on silence are high risk errors because there is a substantial likelihood that meaningful comments will vitiate the right to a fair trial," *id.* (quoting *DiGuilio*, 491 So. 2d at 1136); and then, as part of its harmless error evaluation, the court described some of the evidence that had been offered against the defendant at trial. *Id.* at 572.

The court also acknowledged that the jury had been preliminarily instructed by the trial court that a defendant had an absolute right to remain silent, from which the jury may not draw any inference of guilt, nor may the defendant's silence influence its verdict in any manner whatsoever. *Id.* at 567. The court further noted that just prior to their deliberations, the jurors were instructed by the trial court on (1) the defendant's presumption of innocence, (2) the State having the sole burden of proving the crime, and (3) the defendant having exercised his fundamental right not to be a witness in the case, which was not to be viewed by them as an admission of guilt nor influence their decision in any way. *Id.* at 568.

While acknowledging that jurors are presumed to follow a trial court's instructions on the law, the court nevertheless found that the prosecutor's comments in voir dire on the defendant's right to remain silent had been so prejudicial that the above jury instructions had not cured the harm. *Id.* at 572. Concluding that harmless error had not been shown, the court reversed and remanded for a new trial. *Id.* at 572–73.

## VI

Returning to the matter before us, the postconviction court's order on Owens's ground four claim following our remand noted, consistent with *Marston*, that a prosecutor's comments on a defendant's right to remain silent may constitute harmless error. Placing this comment in the context of the Rule 3.850 proceeding before the lower court, and as explained by the Florida Supreme Court, when a prosecutor's comments during voir dire are harmless, then a defendant is unable to demonstrate the requisite prejudice under *Strickland* to be entitled to postconviction relief, irrespective of whether trial counsel's performance was deficient. *See Cox v. State*, 966 So. 2d 337, 347 (Fla. 2007). The court held:

> The harmless error test as articulated, by this Court requires the State "as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). Thus, in concluding that the prosecutor's misstatements of the law during voir dire constituted harmless error, we held that there was no reasonable probability that these misstatements contributed to [the defendant's] conviction. *See id.* Therefore, regardless of whether counsel was deficient for failing to object to improper statements by the prosecution, [the defendant] cannot demonstrate prejudice under the second prong of *Strickland*.

*Id.* (citation omitted).

## VII

The prosecutor's repeated, unobjected-to comments during voir dire on the various reasons a defendant, like Owens, would choose to remain silent appear to come within those "high risk errors" warned about by the Florida Supreme Court. *See Marston*, 136 So. 3d at 571 (citing *DiGuilio*, 491 So. 2d at 1136). The question now before us to decide on appeal is whether the

additional records attached by the postconviction court to its present summary denial order conclusively refute Owens's claim that he was prejudiced by his trial counsel's inaction. These records showed (1) that the prosecutor did not initiate the discussion concerning Owens's right to remain silent, (2) the one juror who still expressed a need to hear from Owens was removed for cause, and (3) the other jurors agreed they would not hold it against Owens if he chose not to testify.

We conclude that the additional attached records still provide insufficient context to allow us to conduct the prejudice analysis required under *Strickland* and thus have not conclusively refuted the claim. *See Young*, 470 U.S. at 11 (recognizing that a criminal conviction is not to be lightly overturned based solely on a prosecutor's comments as those statements must be viewed in context). By way of example, no information is provided in the attached records (1) describing any of the evidence presented at trial, (2) indicating whether the trial court gave a preliminary instruction before voir dire on a defendant's right to remain silent, or (3) showing the extent of defense counsel's own voir dire discussing with the prospective jurors Owens potentially exercising his right not to testify.

## VIII

For the various reasons set forth in this opinion, we reverse the current order summarily denying ground four of Owens's amended motion for postconviction relief and remand for the postconviction court either to conduct an evidentiary hearing on this ground or to attach additional records to its denial order. *See Jennings v. State*, 123 So. 3d 1101, 1121 (Fla. 2013) ("Generally, a defendant is entitled to an evidentiary hearing on a rule 3.850 motion unless . . . the motion, files, and records in the case conclusively demonstrate that the movant is entitled to no relief . . . ." (citation omitted)).

REVERSED and REMANDED for additional proceedings consistent with this opinion.

SOUD and KILBANE, JJ., concur.

9

LAMBERT, J., concurs, with opinion.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

LAMBERT, J., concurring with opinion.

I concur with the majority opinion. I write separately to address the State's argument that the prosecutor's comments were not improper but instead were similar to those found permissible in *Grieve*, 731 So. 2d at 84, and *Rosa v. State*, 696 So. 2d 1299 (Fla. 3d DCA 1997).

In *Grieve*, the trial court, prior to voir dire, had "correctly and extensively" stated the law regarding a defendant's right to remain silent at trial. 731 So. 3d at 84. Then, in response to a potential juror's statement that he would probably have to hear from the defendant as to how the shooting in this case occurred, the prosecutor "referred to the trial judge's earlier remarks without misstating the law." *Id*. The Fourth District Court found no reversible error in the prosecutor's comments. *Id*.

Similarly, in *Rosa*, the trial court instructed the prospective jurors on the defendant's right to remain silent and his presumption of innocence. 696 So. 2d at 1300. Then, during the prosecutor's voir dire, one panelist indicated that she felt that she should hear "both sides of the story." *Id*. The prosecutor responded that the trial judge had previously explained that the defendant did not have to say anything and asked the juror if she could render a fair verdict if she only heard from the State. *Id*. When the prospective juror responded that she would still need to hear from both sides, the prosecutor advised that the trial judge would instruct that a defendant has a constitutional right not to say anything. *Id*.

Defense counsel objected to the prosecutor's comments as impermissibly infringing on the defendant's right to remain silent. *Id*. The trial court overruled the objection, pointing out that the prosecutor's response was accurate and defense counsel could make any corrections during her voir dire. *Id*.

On appeal, the defendant argued that he was entitled to a new trial based on the comments made by both the prosecutor and

the trial judge. *Id*. at 1301. The Third District Court affirmed. *Id*. It found that the prosecutor's response to the venire was not an improper comment on a defendant's failure to testify as the trial court had previously instructed the potential jurors that if the defendant elected not to testify, they could not hold it against him. *Id*.

The present case differs from *Grieve* and *Rosa*. First, and perhaps most significantly, the prosecutor here did not respond to the venire member's inquiry of wanting to hear both sides by simply referring back to the trial court's earlier instructions. Instead, the prosecutor provided the prospective jurors with many reasons why a defendant in a criminal trial may choose not to testify, including that Owens may not want to answer questions from the prosecutor and that his counsel may advise him not to testify. Second, while *Grieve* and *Rosa* both describe that the trial court in each case, prior to voir dire, gave an instruction on a defendant's right to remain silent, there are no record attachments to the present denial order as to what, if any, comments or instructions the trial court may have given on a defendant's right to remain silent prior to voir dire.